[No. 5083.]
[No. 2649 C. A.]

GUTSHALL v. COOPER.

1. **Appellate Practice—Sufficiency of Evidence—Verdict Not Disturbed on Appeal.**

Where the record shows that there was evidence sufficient to justify the court in submitting the question to the jury, and the jury was fully and fairly instructed as to the law of the case, a verdict is conclusive on appeal.—P. 213.

2. **Accounts—Action on Account—Defense—Breach of Contract.**

On an action for account stated for labor done, a breach of contract for the labor by plaintiff may be set up as a defense.—P. 214.

*Appeal from the District Court of Montrose County.*
*Hon. Theron Stevens, Judge.*

Action by E. Cooper against S. P. Gutshall. From a judgment for plaintiff, defendant appeals.
*Reversed.*

Messrs. STORY & STORY, for appellant.

Mr. F. D. CATLIN, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The complaint alleged that June 24, 1900, an account was stated between plaintiff and defendant from which a balance of $342.81 was found due plaintiff from defendant, which defendant agreed to pay.

The answer was a general denial and a further defense and cross-complaint to the effect that defend-

ant and one Carr, in January, 1900, entered into a verbal contract whereby Carr agreed to cut and deliver to defendant's sawmill all the timber above ten inches in diameter standing upon a certain tract of land adjoining the mill, for which defendant was to pay Carr $2.50 per 1000 feet; that Carr, with the consent of defendant, assigned and turned over the contract to plaintiff; that plaintiff abandoned such contract and refused to carry out and complete the same according to the terms thereof to the damage of defendant.

A replication put in issue the affirmative allegations of the cross-complaint.

The verdict and judgment were for plaintiff, appellee here, for $342.81 and interest from June 24, 1900.

Two grounds are urged for a reversal of the judgment: (1) Failure upon the part of plaintiff to prove an account stated. (2) An instruction taking from the consideration of the jury the affirmative defense pleaded in the cross-complaint.

1. From the record it appears that there was evidence sufficient to justify the court in submitting to the jury the question of whether or not an account was stated between the parties as alleged in the complaint. The jury was fully and fairly instructed as to the law upon this proposition. No complaint is made by appellant of any instruction given. The verdict of the jury is conclusive.

2. Instruction No. 2, given by the court of its own motion, was:

"The evidence did not sustain the allegation of a contract between these parties to deliver any certain amount of logs; consequently that is eliminated from the case by the court, and you are not to consider that; the only thing that you are to consider in this case is as to whether or not, on the 24th day of

June, 1900, an account was stated between these parties, and whether the defendant agreed to pay the amount that was stated at that time.''.

This instruction proceeds upon the theory that there was an allegation of a contract between the parties to deliver a certain amount of logs. There was no such allegation in the cross-complaint.

As stated before, the contract with Carr was to cut all the timber on a certain tract of land, which contract was turned over to plaintiff.

The undisputed evidence was to the effect that Carr's contract with defendant required him to cut and deliver to the mill all the timber above ten inches in diameter upon a certain tract of land; that Carr, with the consent of defendant, turned over this contract to the plaintiff, explaining to the plaintiff or his agent the terms of the contract; that the timber cut and delivered by plaintiff was under the Carr contract and not otherwise. Before plaintiff commenced work he sent one Cless as his agent to examine the timber and to ascertain and report if the work could be done at the contract price. This agent testified that Carr stated to him the terms of the contract and that it was upon his recommendation that plaintiff commenced work; that Carr had secured defendant's consent to turning over the contract to plaintiff and that he, witness, said to Carr that he would go ahead and haul the logs.

It is true that plaintiff testified that he never had any contract with defendant, but the evidence discloses beyond question that the work which he did and for which the account stated, upon which he sues, was based, was under the Carr contract, and that he had no claim whatever against the defendant except for work which he did under that contract.

The matters pleaded in the cross-complaint were a good defense to the cause of action alleged.

In *St. Louis, etc., Co. v. National Bank,* 8 Colo. 70, 75, it is said:

"It is further held, that an account stated or settled is a mere admission that the account is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors.—*Lockwood v. Thorne,* 18 N. Y. 292; *Hutchinson v. Market Bank of Troy,* 48 Barb. 324."

In *C. F. & I. Co. v. Chappell,* 12 Colo. App. 385, 392, Judge Thomson, writing the opinion, said:

"We think counsel attach undue solemnity to an account stated. It is only *prima facie* evidence of its own correctness; and while a party may, if he finds it oppressive, institute an original proceeding in equity to be relieved from it, yet when it is interposed as a defense to an action, either at law or in equity, it may be disputed and overthrown in the same suit. A preliminary proceeding to set it aside is never necessary to enable a plaintiff to make his principal cause of action available. Wherever it is thrust forward, in whatever form of action it is pleaded, it may be impeached. In the language of Mr. Justice Washington, in *Perkins v. Hart,* 11 Wheat. 237: 'If, to a bill for an account, the defendant plead, or in his answer rely, upon a settled account, the plaintiff may surcharge by alleging and proving omissions in the account, or may falsify by showing errors in some of the items stated in it. The rule is the same in principle at law; a settled account is only *prima facie* evidence of its correctness. It may be impeached by proof of unfairness or mistake, in law or in fact.' That was an action of *indebitatus assumpsit,* to which a settlement upon an account stated was interposed as a defense."

The defendant should have been permitted to completely develop by competent evidence the affirmative defense alleged in his cross-complaint, and to

have the same submitted to the jury under proper instructions. This he was not allowed to do, which will necessitate a reversal of the judgment.

<em>Reversed.</em>

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.