## JESSE H. ROGERS *vs*. RICHARD C. DAVIS.

## Piscataquis.    Opinion February 10, 1908.

*Statute of Limitations.   Mutual and Unsettled Accounts.   Statute Begins to Run, When.   Statute no Bar, When.   R. S., chapter 83, section 90.*

1. In an action upon a mutual, unsettled account, commenced December 19, 1905, where the account opened January 13, 1894, and was continued with items of debit and credit until December 17, 1898, and there was no other item until November 15, 1902, when a charge of twenty cents was made for merchandise then sold on credit, which charge was specifically paid December 15, 1902, and credit given therefor on the account, *Held:* That the action is not barred by the statute of limitations.

2. Such a case is not governed by the rule by which partial payments take an account out of the operation of the statute of limitations, but by the statutory rule relating to mutual accounts.   Under this statutory rule, the statute of limitations begins to run with the last item of the account, and it makes no difference whether it is a debit or a credit item, or which party kept or proved it, or whether it appears in the plaintiff's credits or in the defendant charges, if only it be an account of mutual dealings between the parties which have not been settled.

3. When the parties by their mutual dealings, by some item of debit or credit, have extended the time of the operation of the statute of limitations upon the balance of the account, it does not lie in the power of the debtor then to shorten the time by making specific payment of debit items.

*Benjamin* v. *Webster*, 65 Maine, 170, examined.

*Perry* v. *Chesley*, 77 Maine, 393, distinguished.

On exceptions by plaintiff.    Sustained.

Assumpsit on account annexed to recover a balance of $169.45 alleged to be due from the defendant to the plaintiff, and also to recover an interest charge of $22.03.    The account annexed contains 207 debit items, exclusive of item of interest charge, and 25 crèdit items.

Plea, the general issue with brief statement alleging that the defendant "did not promise within six years next prior to the date of the writ in this case."

The case was first sent to an auditor who, after hearing, made and filed his report the material parts of which are as follows:

"The account in question commenced January 13, 1894, and continued until December 17, 1898, at which time it appears there was a balance due the plaintiff of $169.45.

"After this time there were only two entries made on the account. On November 15, 1902, there was a debit entry of twenty cents for tobacco and on December 15, 1902, a credit entry of cash twenty cents. The evidence shows that the credit entry of December 15, 1902, was made for the express purpose of paying the debit entry of November 15, 1902.

"The writ in this action was dated December 19, 1905, and the plaintiff would be barred by the statute of limitations from recovering on the amount due on December 17, 1898, unless the account was renewed by the transactions of November 15 and December 15, 1902, as described above. If the account was, by the two items mentioned, renewed then I find that there is due the plaintiff from the defendant the sum of $169.45. If the said transactions did not renew the account then the action is barred by the statute, and nothing is due the plaintiff from the defendant."

A hearing was had on the auditor's report before the presiding Justice at the February term, 1907, of the Supreme Judicial Court, Piscataquis County. The report was accepted and the presiding Justice ruled pro forma "that the claim was barred by the statute of limitations and gave judgment for the defendant," to which ruling the plaintiff excepted.

The bill of exceptions states that "the plaintiff claimed that the account, being an open, mutual account current, was not barred by the statute of limitations since the statute began to run anew from the debit item of Nov. 15, 1902, and that the credit item of Dec. 15, 1902, although expressly made for the purpose of paying the charge of Nov. 15, 1902, aforesaid could not outlaw the account which had been revived by said debit item of Nov. 15, 1902. The defendant claimed to the contrary and that the whole claim was barred by the statute of limitations."

The pith of the case appears in the opinion.

*Hudson & Hudson*, for plaintiff.

*John S. Williams*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, CORNISH, KING, JJ.

SAVAGE, J. Action of assumpsit upon an account. The writ was dated December 19, 1905. Plea, the statute of limitations.

The account opened January 13, 1894, and until December 17, 1898, was admittedly a mutual and unsettled account, with items both of debit and credit. The case was sent to an auditor who reported that after December 17, 1898, there were only two entries made on the account, namely, a charge of twenty cents for tobacco, on November 15, 1902, and a credit of cash twenty cents, December 15, 1902. And he reported further that the cash payment of December 15, 1902, was made for the express purpose of paying for the tobacco charged thirty days before. Thereupon the auditor found that the account was barred by the statute of limitations "unless renewed by the transactions of November 15 and December 15, 1902." But if renewed, he found there was due the plaintiff from the defendant the sum of $169.45. The case was heard before the presiding Justice, who, on the facts stated by the auditor, ordered judgment for the defendant. The plaintiff excepted.

It is well to observe at the outset that the correctness of the ruling or otherwise does not depend upon an application of the principle by which partial payments take an account out of the statute of limitations, concerning which many cases have been cited by the defendant's counsel, but of the statutory rule relating to mutual accounts. The partial payments principle has reference solely to credits or payments, and regards such a payment as a recognition of the debt and a renewal of the promise to pay. The statutory rule rests upon other grounds.

The defendant particularly cites and relies upon *Benjamin* v. *Webster*, 65 Maine, 170, but we do not think that case is conclusive as an authority on the point now involved. In that case the debit account was a single item, and the payment relied upon to take the account out of the statute of limitations was made generally on account, and not specifically, as here, to pay a single, separate item. It is true that the court used language which seems to sustain the defendant's contention. But the language related to a

condition which did not exist in that case, and it was not necessary to the decision. In fact, the whole tenor of the opinion was based upon the principle of partial payments. And that principle was applicable to that case as was pointed out on page 172.

But this is a different case. Here the plaintiff's right of action does not depend upon proof of one item of credit within six years. The plaintiff relies upon a debit item within six years of the last preceding item, and within six years of the date of the writ. The item and date are undisputed. If the account stopped with the debit item of November 15, 1902, unquestionably it would not come within the operation of the statute of limitations relating to mutual accounts. That statute reads as follows: "In actions of debt or assumpsit to recover the balance due, where there have been mutual dealings between the parties, the items of which are unsettled, whether kept or proved by one party or both, the cause shall be deemed to accrue at the time of the last item proved in such account." R. S., chap. 83, sect. 90. The statute begins to run with the last item of the account, and it makes no difference whether it is a debit or a credit item, or which party kept or proved it, or whether it appears in the plaintiff's credits or in the defendant's charges, if only it be an account of mutual dealings between the parties which have not been settled. It is no longer a question of the recognition of the account and of the renewal of the promise to pay it by making a partial payment on account of it.

It follows then that when the defendant bought the tobacco on November 15, on credit, and the price was charged to him on his account, it had the effect of taking the account out of the operation of the statute for six years longer. It was an item of an unsettled account of mutual dealings between the parties, and it was then the last item.

The defendant, however, contends that the specific payment on December 15, 1902, of the price of the tobacco had the effect of taking that item out of the account, destroyed the extension of the statute which the purchase had effected, and placed the parties back in statu quo. And in support of this contention the defendant relies on *Perry* v. *Chesley*, 77 Maine, 393, as being conclusive.

That case is in some respects similar to the case at bar, but it differs at a vital point. In that case there was one debit item and one credit item within the six years. But it was admitted that the debit item was "paid at the time in cash by the defendant, and a receipt given therefor." And this payment was the credit item. It was therefore a cash, and not a credit transaction. It was never really a matter of account. The plaintiff, having been paid at the time, had nothing to charge to the defendant. Entering both the charge and the contemporaneous payment did not make them real items of account. In the present case, on the contrary, the tobacco was bought on credit and properly charged as an item of the mutual account. The case of *Perry* v. *Chesley* therefore does not sustain the defendant's contention.

Nor do we think it can be sustained by any reasonable interpretation of the statute. When the parties by their mutual dealings, by some item of debit or credit have extended the time of the operation of the statute upon the balance of the account, we do not think it lies in the power of the debtor then to shorten the time by making specific payment of debit items. The statute was evidently intended to preserve the right of action upon a mutual unsettled account for six years after the last item, no matter how far back the account commenced. Until there has been a period of at least six years during which there are no items, either debit or credit, the account is alive and suable. But this may be of little avail to a creditor, if, as is claimed by the defendant here, the latter may at any time pay specifically all the items which have accrued within six years and leave his creditor remediless as to the remainder of the account. The creditor is helpless. The debtor may choose what item he will pay and the creditor must apply the payment as the debtor directs. If then the creditor relying upon the statute, as he ought to be safe in doing, has forborne to sue until only one item is less than six years old, the debtor, if the present contention is to be sustained, may, against the will of the creditor, pay that item and escape the payment of all the rest. If he can do so in thirty days after the item is charged, he can, with like effect, do so at any time before six years have elapsed. The time is not

material. We do not think this contention can be sustained. The effect would be to rob the statute in great measure of its intended efficacy.

The court below erred in ordering judgment for the defendant. Upon the facts found by the auditor it should have ordered judgment for the plaintiff.

*Exceptions sustained.*