[No. 6261.]

Gutshall, Executrix, v. Cooper.

1. Appeals—Second Appeal—Law of the Case—Where, upon appeal, the evidence is held sufficient to establish a fact in issue, this is the law of the case, where, upon a second appeal, the evi-

dence contained in the record is substantially the same as upon the first.—(162)

2. **Appeals—Harmless Error**—The refusal of an instruction, the doctrine of which is substantially identical with that of an instruction given, is harmless.—(162)

3. **Principal and Agent—Agent's Authority—Ratification—** An account stated by one's bookkeeper, general manager, and personal representative in the transaction to which the account relates, binds the principal.—(162)

So, if though without original authority it is afterwards, with full knowledge, ratified by the principal.—(162)

*Appeal from Montrose District Court* — Hon. SPRIGG SHACKLEFORD, Judge.

Mr. HUGO SELIG, for appellant.

Messrs. BELL, CATLIN & BLAKE, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action upon an account stated. There was a general denial and a counter-claim for damages, arising from a failure upon the part of the plaintiff to perform a certain contract, which is the basis of the claim against defendant and which was merged into the account stated on which suit was brought. At the first trial judgment was for plaintiff. Upon appeal to this court, the judgment was reversed, because the trial court denied defendant the right to prove his counter-claim.—*Gutshall v. Cooper,* 37 Colo. 212. The result of the second trial was a judgment in favor of plaintiff for the account stated, and against the defendant under his counter-claim. The grounds relied upon for reversal are, that the evidence did not establish that an account was stated between the parties, and that the court wrongfully refused an instruction tendered by defendant.

(11)

The evidence is not materially different from what it was at the first trial. Upon the former review this court said there was sufficient evidence to justify the court in submitting to the jury the question of whether or not the account was stated between the parties as alleged in the complaint. That is the law of this case and it disposes of appellant's first contention.

An account stated or rendered by one's bookkeeper is not necessarily an account stated against the principal, and is not so unless such authority is conferred upon him, or his act is ratified, by the employer. This proposition was embodied in an instruction asked by defendant and refused by the court. In so far as the principle of law was applicable to the case, as made, it was given by the court of its own motion, and there was no necessity to repeat it, although no harm would have resulted had it been given in the exact language requested. But the refusal to give the instruction tendered, had it not been, in substance, so given, was not prejudicial error, because the evidence is that the employee was not only defendant's bookkeeper, but was also virtually his manager or personal representative in the very transaction concerning which the account was stated. Besides, the evidence is legally sufficient to show that the alleged bookkeeper's statement of the account was, with full knowledge, ratified by defendant. The most that can be said in defendant's favor is that, so far as the issues depended upon the facts, there was a conflict therein, which, under our established practice, does not permit us to set aside a verdict.

There being no harmful error, the judgment is affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.