# Wise, Boles & Bowdoin *v.* Fuller.

## *Assumpsit.*

(Decided November 12, 1914.   66 South. 827.)

1. *Evidence; Account.*—Where the action was to recover a sum paid in excess of an account a witness who testified that he was present when plaintiff and one of defendants went over the account, and that plaintiff agreed that the amount shown by the books was correct, was competent to testify to the amount thus shown to have been agreed upon, although he had not kept the books and did not know that they were correct.

2. *Same; Account Books.*—Where a debtor had gone over the account books of the creditor and had admitted that the account shown thereon was correct, the books were admissible without further proof of their correctness.

3. *Witnesses; Examination; Refreshing Memory.*—A witness can refresh his recollection as to the balance on an account by reference to books which were kept under his supervision and which he knew to be correct, although he did not keep them himself, if after so refreshing his recollection he can testify to the fact independent of the books; and it is usually a question for the jury in such case whether a witness is testifying in fact from his independent recollection, or simply from what he observed in the books.

4. *Charge of Court; Construction; Oral Charge.*—While the rule ordinarily is that the court on appeal will construe the oral charge of the trial court as a whole and not a mere excerpt therefrom, yet where only a portion of the charge is set out in the bill of exceptions, and the trial court did not require the entire charge to bet set out, the part so set out will be considered, as the appellant need only show error.; if there be anything rendering the error harmless, it should be inserted in the bill of exceptions.

5. *Account Stated; Conclusiveness.*—Where the debtor agrees with the creditor as to the amount and promises to pay it, it becomes in the absence of mistake or fraud, an account stated, although the debtor may subsequently change his mind.

6. *Payment; Recovery of; Burden of Proof.*—In an action to recover a voluntary payment of an amount which plaintiff had admitted to be due, on the ground that the amount was in excess of that actually due, the burden is on plaintiff to show that such payment was made as a result of fraud or mistake.

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

Assumpsit by A. G. Fuller against Wise, Boles & Bowdoin. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The objections and exceptions to evidence sufficiently appear from the opinion. The following is the excerpt from the oral charge of the court referred to: "If plaintiff was unwilling to pay the balance that he promised to pay, then the settlement was of no effect."

RILEY & CARMICHEAL, for appellant. Ward was competent to testify as to the amount agreed on as being due as he was shown to have been present when the agreement was made.—*Johnson v. Kelly,* 2 Stew. 490; 110 Ala. 118. A witness may refresh his recollection by referring to books which he knows to be correct.—*M. & C. R. R. Co. v. Maples,* 63 Ala. 601; *Hudson v. State,* 61 Ala. 334; 1 Greenl. parag. 436. The books themselves were admissible.—*Mims v. Sturdivant,* 36 Ala. 636; *Snodgrass v. Caldwell,* 7 South. 834. Counsel discuss the other errors assigned, but without citation of authority.

[Wise, Boles & Bowdoin v. Fuller.]

J. A. CARNLEY, for appellee. There was no error in the action of the court in declining to admit the books in evidence, or in declining to permit Ward and Wise to testify as to the account.—*Sullivan T. Co. v. Brushagle,* 111 Ala. 118; *Holmes v. Gayle,* 1 Ala. 519; *Martin v. Rushton,* 42 Ala. 292; *Prior v. Johnson,* 32 Ala. 27. Only the books of original entry were admissible, and Ward had no personal knowledge of these facts, and could not therefore, testify about them.—*Doe v. Clayton,* 73 Ala. 359, and authorities supra. Wise was not allowed, under the rule, to refresh his memory.—*Hirschfelder v. Levy,* 69 Ala. 353; *Acklin v. Hickman,* 63 Ala. 494; *M. & C. R. R. Co. v. Maples,* 63 Ala. 601. In order to render an account an account stated the admission must extend not only to the admission of an indebtedness, but also to the amount thereof.—*Christian v. Hill,* 122 Ala. 490; *Mobile L. I. Co. v. Edgar,* 67 Ala. 134; *Bolling v. Fannin,* 97 Ala. 621. The books were not show to be admissible in this case.—*Donaldson v. Wilkerson,* 54 South. 234.

CRUM, J.—Before the bill of exceptions in this cause was signed by the presiding judge, the county court of Coffee county was abolished, and subsequently a motion was presented to this court to establish the bill of exceptions. By written stipulation of counsel filed thereafter in this court, the bill of exceptions found in the record will be deemed and treated as the established bill. The plaintiff sought under the common counts to recover of the defendants for a sum of money which he claimed to have paid to them in excess of an account or debt, owing by him to them. The plaintiff had judgment, and defendants appealed.

No pleas appear in the record, and we will presume that the trial was had on the general issue.

The real point which seems to have been at issue between the parties was whether or not anything had been paid by appellee in excess of what he actually owed. The evidence of one Ward, a witness for appellants, tended to show that during a part of the period covering the account in controversy he had kept the books of appellants, that he was present on a stated occasion when the appellee and one of the appellants, Wise, were endeavoring to reach a settlement, and that the account was at that time gone over between the parties, item by item, and its correctness admitted and agreed to by appellee. In this connection, this witness was asked by appellants' counsel what the balance due upon the account thus gone over and agreed to was. Appellee objected to the question, and the court sustained the objection. No ground was assigned in support of the objection, but it is suggested in brief of appellee's counsel that the books were the best evidence, and that they had not been introduced, and that it was not shown that the witness had kept the books during the entire period covered by the account, or that he knew of the correctness of the account. The evidence sought to be elicited was for the purpose of showing an admission by appellee that the account was correct, and that he had agreed with appellants to pay the balance thus ascertained to be due. It would have been entirely competent for any one present, though he had never seen the books and knew nothing of their contents, to testify as to what was said and done by the parties on the occasion, independent of what the books contained.—*Sullivan Timber Co. v. Brushagel,* 111 Ala. 118, 20 South. 498.

One of the witnesses in the course of his examination stated that he could not testify of his own knowledge, independent of the books, what amount the appellee owed to appellants. He was thereupon asked by appel-

lants' counsel to examine the account appearing on the
book in order to refresh his recollection and then to
state, if he could, how much appellee owed. Counsel for
appellee objected to the question and to the witness'
thus refreshing his recollection. The trial court sus-
tained the objection, and to this ruling appellants duly
excepted. The witness was entitled to refresh his recol-
lection from the books, although he had not kept them,
if they were kept under his supervision, and he knew,
as he had stated he did, that they were correct. A wit-
ness may be permitted to refresh his recollection as to
a given fact from any document or paper, if thereby he
can then testify of his independent recollection as to
the fact.—*Holmes v. Gayle, etc.,* 1 Ala. 519.

Whether the witness under such circumstances is in
fact testifying from his independent recollection, or sim-
ply from what he has thus observed from the document
is a question to be tested on cross-examination, and to
be determined by the jury.

Appellants offered in evidence that portion of their
book which contained the account against appellee, and
which had been examined by the parties on the occasion
testified to by the witness Ward, counsel for appellants
stating to the court, at the time, that the purpose for
which the evidence was offered "was to show the ac-
count stated between the plaintiff and the defendants
and the settlement memorandum there entered and
agreed to by and between the plaintiff and the defend-
ants and the balance due then entered and agreed to"
by them. Counsel for appellee objected to the intro-
duction in evidence of the book, which objection the
court sustained. To this ruling appellants duly except-
ed.

At least one witness had testified that the books were
correct, but independent of this the evidence tended to

show that the plaintiff had seen the account, or that it had been gone over and discussed with him, and that he had admitted it to be correct. Manifestly, in the light of this evidence, the books were competent evidence.

The trial court erred in each of these rulings. The other rulings with respect to the admission of evidence was free from error.

The court in its oral charge to the jury stated that "if the plaintiff was unwilling to pay the balance that he promised to pay, then the settlement was of no effect," and that "the burden of proof is upon the defendant to prove an indebtedness due by the plaintiff under the mortgage, for $300 greater than the amount named and set out in the face of the mortgage."

Ordinarily the court will consider an oral charge in its entirety, and not one excerpt therefrom. If the excerpt assigned as error, standing alone, would be erroneous, but when taken in connection with the entire charge is explained elsewhere in the charge, and the charge as a whole fully and correctly covers the case, the judgment will not be reversed; *Western Union v. Snell,* 3 Ala. App. 263, 56 South. 854; *Central of Georgia v. Knight,* 3 Ala. App. 436, 57 South. 253. If however, the entire oral charge is not set out in the bill of exceptions, as in the case here, so that the appellate court can consider it as a whole, the court can only consider that portion which is set out.

"It is only incumbent on the appellant to show error; and if there is anything in the case which would show that the error was harmless and the appellant left it out of the bill of exceptions, the presiding judge could have required the matter embodied in the bill before signing it," etc.—*Central of Georgia v. Thweatt,* 151 Ala. 388, 44 South. 380.

If the plaintiff agreed with the defendants upon an amount as the balance which he owed, and promised to pay it, the account then became a stated account, notwithstanding any subsequent change of mind on the part of the promiser not occasioned by some fraud or mistake of fact.

The burden of proof was upon the plaintiff to establish the fact that as the result of fraud or mistake of fact, he had paid an amount in excess of what he in fact owed. The payments having been voluntarily made, establishment of that fact was a condition precedent to his right of recovery. The mere fact that a part of the debt, which the evidence tended to show, was evidenced by a mortgage introduced in evidence did not shift the burden.

The trial court erred in the quoted instructions to the jury.

Since the judgment must be reversed, it is unnecessary to consider the action of the circuit court in denying the motion for a new trial.

For the errors pointed out, the judgment must be reversed, and the cause remanded.