(85 South. 13)

CUDD v. COWLEY et al. (8 Div. 189.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. ACCOUNT STATED ⊚⇒8, 19(1)—NOT CONCLUSIVE ON PARTIES TO MORTGAGE.

Settlement between mortgagee and mortgagors resulting in account stated, though deliberately made, was not conclusive on the parties, but strong presumptive evidence the amount agreed upon was correct and the obligation to pay it valid, imposing on the party who would avoid it the burden to show its falsity by fraud or mistake—a showing which the mortgagors would be entitled to make even in a collateral proceeding at law.

2. ACCOUNT STATED ⊚⇒12—PARTY MAY FALSIFY.

A party may falsify an account stated between him and another whenever it is involved and presented in an action at law.

3. ACCOUNT STATED ⊚⇒1—"ACCOUNT STATED" IS ONE BALANCED AND RENDERED WITH ASSENT TO BALANCE.

An "account stated" is an account balanced and rendered with an assent to the balance express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Account Stated.]

4. INJUNCTION ⊚⇒26(4)—MORTGAGEE'S BILL HELD TO SHOW EQUITY FOR ACCOUNTING AND INJUNCTIVE RELIEF AGAINST MORTGAGORS' ACTION.

Bill of mortgagee against mortgagors to enjoin their action at law for accounting and to foreclose mortgage, showing that the mortgagors had repudiated prior settlement between the parties, thereby opening their account, which involved many items of debit and credit, held to show equity for an account and for injunctive relief that complete equity might be decreed in a single proceeding.

McClellan, J., dissenting.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Bill by J. J. Cudd against James Cowley and others to enjoin an action at law, for an accounting, and to foreclose a mortgage. From decree sustaining demurrers to the bill, complainant appeals. Reversed and rendered.

The bill shows that one of the respondents, James Cowley, has sued the complainant and one Dan Ryan in an action at law to recover for trespass to and the conversion of certain personal property, including farm tools, vehicles, live stock, corn, and cotton; one count being in detinue for a recovery in specie, and the actions being now pending. It appears that the complainant took the property under the power contained in a certain mortgage then in default, and sold it for the satisfaction of the mortgage debt of approximately $3,400, along with certain land included in the mortgage. The prayer of the bill is to enjoin the prosecution of the action at law, to have an accounting to ascertain the amount due on the mortgage, and to foreclose the mortgage for the balance known to be due thereon. It is alleged that there had been credit transactions in money, merchandise, and live stock between complainant and the respondent James Cowley and his brother George Cowley for some ten years prior to November, 1913; some of the complainant's transactions being with the Cowleys separately and some with them jointly, and many of them overlapping and intertwining as to the mortgage securities given and the partial payments made by the Cowleys. It is shown that on November 27, 1913, complainant had a complete settlement with said respondents as to the amount of the indebtedness due by them to him, and on said date said respondents executed to complainant their promissory note, given to secure the amount which said respondents agreed and admitted was due complainant by them for said advancements, which amount evidenced by said note was $3,394.43; that for the purpose of securing the payment of said admitted indebtedness, and for the purpose of securing any other indebtedness which said respondents might contract with complainant, said respondents, the Cowleys, executed to complainant a mortgage, etc. It is further shown that on May 31, 1914, James Cowley executed to complainant a chattel mortgage for $300 for the purpose of securing other indebtedness then due and for further securing the larger indebtedness.

As amended, the bill alleges that the respondents have questioned and repudiated the correctness and validity of their said settlement of November 27, 1913, and base their said suit at law for damages upon the claim that the said mortgage debt had in fact been paid prior to the seizure by complainant of said mortgaged chattels. It also alleges that the Cowleys are insolvent; that they persist in holding possession of the mortgaged lands, and are appropriating the timber and crops growing thereon; and that the land is not worth the amount of the balance of the debt remaining unpaid with taxes, costs, and fees. The trial court sus-

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tained several of the grounds of demurrer interposed by respondent which were directed to that part of the bill, as amended, which seeks an injunction against the action at law; the grounds being substantially that complainant has an adequate remedy at law in defense of said suit.

E. W. Godbey, of Decatur, for appellant. Equity had jurisdiction to foreclose. 98 Ala. 129, 11 South. 640; 27 Cyc. 1535; 156 N. C. 88, 72 S. E. 150, 36 L. R. A. (N. S.) 927, Ann. Cas. 1912D, 1065, 137 Mo. 106, 38 S. W. 578. Having jurisdiction to foreclose, it had jurisdiction to take an accounting. 29 Ala. 402; 151 Ala. 191, 44 South. 37, 31 Ala. 291; 142 Ala. 678, 38 South. 758; 91 Ala. 575, 8 South. 690; 12 Pa. 56, 51 Am. Dec. 588. There was no misjoinder of parties respondent, nor was the bill multifarious. 202 Ala. 155, 79 South. 630; 196 Ala. 162, 71 South. 660; 202 Ala. 413, 80 South. 617. Having elected against the settlement, Cowley cannot now contend for it. 83 Wis. 31, 52 N. W. 1131, 35 Am. St. Rep. 23; 110 Wis. 405, 85 N. W. 1028, 84 Am. St. Rep. 934; 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 695; 51 Fla. 414, 41 South. 271; 183 Ala. 182, 62 South. 500, 127 Ala. 404, 30 South. 733.

Callahan & Harris, of Decatur, and C. L. Price, of Albany, for appellee. There was a complete defense at law. 201 Ala. 286, 78 South. 62; 121 Ala. 478, 25 South. 777; 151 Ala. 215, 43 South. 859, 11 L. R. A. (N. S.) 581; 143 Ala. 271, 39 South. 178, 111 Am. St. Rep. 42, 5 Ann. Cas. 724.

SOMERVILLE, J. With respect to complainant's showing and prayer for injunctive relief against the mortgagors' action at law, it is clear that, if the complete settlement made by agreement between the parties on November 27, 1913, as evidenced by the note and mortgage executed by respondents to complainant on that date, were conclusive and binding upon them as to the amount then due, complainant would have no difficulty in presenting his legal defense to that action, viz. that a balance remained due on the mortgage at the time he carried away and sold or stored the chattels subject to the mortgage.

[1] But that settlement, however deliberately made, is not conclusive on the parties. It is strong presumptive evidence that the amount agreed upon is correct, and that the obligation to pay it is valid; and it imposes upon the party who would avoid it the burden of showing its falsity by reason of fraud or mistake. But such a showing the mortgagors in this case would be entitled to make, even in a collateral proceeding at law. First Nat. Bk. v. Allen, 100 Ala. 476, 14 South. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80; 1 Corp. Jur. 715, § 356. See, also, Pollack v. Gunter, 162 Ala. 317, 320, 50 South. 155.

In 1 R. C. L. p. 218, § 17, it is said:

"A stated account may be impeached for fraud, mistake, or error in an original proceeding in equity brought for that purpose. It may also be impeached when interposed as a defense to an action, either at law or in equity, for a preliminary proceeding to set it aside is never necessary to enable a plaintiff to make his principal cause of action available. Wherever it is thrust forward, in whatever form of action it is pleaded, it may be impeached." Gutshall v. Cooper, 37 Colo. 212, 86 Pac. 125, 6 L. R. A. (N. S.) 820; Dickerson v. Nabb, Sneed, Ky. Dec. 320, 2 Am. Dec. 725; White v. Thompson (Cal. App.) 180 Pac. 953; Perkins v. Hart, 11 Wheat. 237, 256, 6 L. Ed. 463.

[2] So far as we can discover, no case, either in this or any other jurisdiction, has ever denied the right of a party to falsify an account stated or settled whenever it is involved and presented in an action at law. A number of our law cases recognize the right as a matter of course. Ware v. Manning, 86 Ala. 238, 5 South. 682; Sloan v. Guice, 77 Ala. 394; Rice v. Schloss, 90 Ala. 416, 7 South. 802; Wise v. Fuller, 11 Ala. App. 427, 66 South. 827. And in Dickinson v. Lewis, 34 Ala. 638, it was held that a court of equity will assume jurisdiction for the falsification of an account stated only in those cases where the accounts, if unstated, would, from their peculiar nature, be the subjects of equitable cognizance, leaving the complaining party in all other cases to his remedy or defense at law.

[3] The dissenting opinion hereto appended would draw a distinction between stated accounts which have been merely assented to and agreed to be paid and those which have taken the form of a settlement by express written promise to pay an ascertained balance. The authorities, however, do not recognize such a distinction, which is evidently one of degree only. Our accepted definition of a stated account seems to be conclusive as to this:

"An account stated is an account balanced and rendered, with an assent to the balance, express or implied; so that the demand is essentially the same *as if a promissory note had been given for the balance.*" (Italics supplied.) Comer & Co. v. Way, 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; Loventhal v. Morris, 103 Ala. 332, 336, 15 South. 672.

We do not understand the cases of Paulling v. Creagh, 54 Ala. 646, and Scheuer v. Berringer, 102 Ala. 216, 14 South. 640, as in any sense holding that a balanced account, settled by giving a note for the balance can be impeached for fraud or mistake only in a court of equity.

In its last analysis, the question is simply whether the maker of such a note may inquire into its consideration in a court of law

by showing fraud or mutual mistake with respect thereto; and the authorities hold, without apparent dissent, that—

"A mistake of fact in executing a bill or note, as where it is given in settlement of a balance mistakenly supposed to exist, is a defense to an action by the payee or holder, other than a holder in due course, provided the mistake is mutual." 8 Corp. Jur. 797, § 1053.

The bill shows that they have repudiated the settlement in question, thereby opening their account from beginning to end and extending the issue in the action at law to the question of the balance actually due upon all of their business transactions. This would involve such a multitude of items of debit and credit and such a variety of mixed and overlapping securities, as would defy any clear and intelligent solution at the hands of a jury in a collateral proceeding at law.

[4] We hold, therefore, on the showing made by the amended bill, that complainant properly invokes the equitable jurisdiction for an accounting and for injunctive relief against the pending action at law, to the end that complete equity may be decreed in a single proceeding. Watkins v. Tallassee Mfg. Co., 38 South. 756.

It results that the trial court erred in sustaining the demurrer, and the decree thereto will be reversed and one here rendered overruling the demurrer to the bill as amended.

Reversed and rendered.

All the Justices concur, except McCLELLAN, J., who dissents.

ANDERSON, C. J., and SAYRE, J., concur in the conclusion.

McCLELLAN, J. I cannot concur in that part of the foregoing opinion indicated below. As to the general result, I am not prepared to hold that the reversal should not enter.

The majority of the court have proceeded to their conclusion upon a legal premise, stated in the foregoing opinion, which appears to me manifestly unsound, and attribute to First National Bank v. Allen, 100 Ala. 476, 485, 14 South. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80, and Pollack v. Gunter, 162 Ala. 317, 320, 50 South. 155, an authoritative effect upon a case to which the doctrine there recognized is wholly inapplicable. In this state the jurisdictions of law and equity are distinct; this to discriminate the general statement in 1 C. J. p. 715, § 356. In the premise to which the majority give sanction they have treated the case as being one simply on a stated account, whereas in the bill it is alleged that a complete settlement was had between the parties "as to the amount of indebtedness due by them [respondents] to him [complainant], and * * * said respondents executed to your complainant their promissory note, given to secure the amount

which said respondents agreed and admitted was due your complainant by them, * * *" and "executed to your complainant a mortgage" to secure the promissory note. The applicable principles of law are fully stated in the leading case of Paulling v. Creagh, 54 Ala. 646, 651, 653, and in Scheuer v. Berringer, 102 Ala. 216, 220, 221, 14 South. 640, among other readily accessible decisions in that line. In the latter case (102 Ala. 220, 14 South. 641), in the opinion of the chancellor to which this court gave its unqualified approval, it was said:

"When parties who are sui juris make a final settlement between themselves, such settlement is as binding on them in many respects as a decree of a court. Such settlement may be opened for fraud, accident or mistake."

In the former case (54 Ala. 651, 652) it was said:

"There had been mutual dealings between him and Creagh, of which an account was rendered; he had full opportunity of examining, and full knowledge, or the means of acquiring it, of the correctness or incorrectness of the items composing the account. The account was closed by the execution of promissory notes for the balance claimed, and more than two years after executing them, and after Creagh's death, a deed of trust is executed to secure their payment.

"This settlement is not conclusive on the complainant; does not estop him from being relieved in equity from any fraud or imposition which may have been practiced on him in making it; or from obtaining the correction of any errors or omissions which may be found to have entered into it. A court of equity has ample authority to open and re-examine an account stated, if there has been mistake, accident, fraud or undue advantage, by which the account is vitiated and the balance incorrectly fixed. 1 Story, Eq. § 523. The jurisdiction is cautiously exercised; only on clear and precise allegations, supported by proof of fraud, undue advantage, accident or mistake. * * *

"In Drew v. Power, supra (1 Sch. & Lef. 192), it was said by Lord Redesdale, 'One rule material to observe in all cases of account is, that where there has been a settlement of accounts and either the account has been signed or a security taken on the footing of the account, a court of equity does not open that transaction and throw it again between the parties as if no such transaction had happened, unless the evidence which is produced (and that evidence founded on charges in the bill) shows the whole transaction to be so iniquitous that it ought not to be brought forward at all to affect the party sought to be bound. If the account impeached be a settled account, or if an instrument has been executed on the foot of it, the court expects that the errors should be specified in the bill and proved as specified; otherwise it would be easy to overturn the fairest accounts and those settled in the most solemn manner when there happens to be any complication in their nature.' When an account is stated and settled by the giving of an independent security, that security becomes prima facie a debt owing according to its terms. It cannot

be overturned on merely doubtful or probable testimony that errors intervened in the accounts which were settled, without imparting to all business transactions insecurity and uncertainty."

It appears indisputable from these and other authorities that the matter of impeaching a settled account and of destroying or impairing the independent security given upon the basis of the settlement so made because of fraud, accident, or mistake in respect of items of the account agreed upon and settled and security for the net sum given, as here, can only be effectually asserted in a court of equity, and not in a court of law, as the majority of this court have held in the foregoing opinion. It is unnecessary to elaborate the statement at this time, in view of the full opinions in the cases of Paulling v. Creagh and Scheuer v. Berringer, supra, among others.

I therefore disagree with the opinion in the particular indicated. Upon the result—reversal—it is not necessary to express a conclusion.

ANDERSON, C. J., concurs in the conclusion reached by the majority, but concurs in the legal principles stated in the opinion of McCLELLAN, J.

SAYRE, J. (concurring specially). I concur in the conclusion reached by Judge SOMERVILLE, but for different reasons. As for the point of difference between Judge McCLELLAN and those members of the court who concur in the opinion of Judge SOMERVILLE, there is no doubt that a stated account may be impeached for fraud or mistake by an original proceeding in equity brought for the purpose. There is no disagreement as to that. But—

"It [an account stated] may also be impeached when interposed as a defense to an action, either at law or in equity, for a preliminary proceeding to set it aside is never necessary to enable a plaintiff to make his principal cause of action available. Wherever it is thrust forward, in whatever form of action it is pleaded, it may be impeached." 1 R. C. L. p. 218, § 17, citing Gutshall v. Cooper, 37 Colo. 212, 86 Pac. 125, 6 L. R. A. (N. S.) 820; Dickerson v. Nabb, Sneed, Ky. Dec. 320, 2 Am. Dec. 725.

The equity of the bill, in my judgment, rests upon the proposition that, in addition to its legal aspect, the controversy involves an equitable estate or interest, viz. the right to a foreclosure if any part of the indebtedness comprised within the stated account is justly due, and the court of equity will intervene to restrain the action at law and decide the whole controversy, since foreclosure is an equitable remedy, and in order to exclude the remedy in equity the remedy at law must be as complete, as practical, and as efficient to the ends of justice and its prompt administration as a remedy in equity. Boone v. Byrd, 201 Ala. 562, 78 South. 958.