MERRITT G. PRIDE *vs.* CHARLES F. KING.

Cumberland.        Opinion, April 20, 1935.

*Skillin, Dyer & Payson,* for plaintiff.
*Charles F. King, pro se*
*Milan J. Smith,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J. Assumpsit upon an account annexed. Defendant pleaded the general issue and by brief statement the Statute of Limitations. By agreement, the action was heard before the presiding Justice without the aid of a jury. Chap. 91, Sec. 26, R. S. 1930. Judgment for the plaintiff for the amount sued, to which decision exceptions were taken.

The account has fifty-six debit items, the first dated January 20, 1923, and the last November 30, 1929, twelve in 1923, ten in 1924, fifteen in 1925, fifteen in 1926, one in 1927, and three in 1929, all of which are for fuel. It contains nine credit items, beginning January 11, 1924, and ending December 18, 1929, all of cash, two in 1924, three in 1926, and four in 1929. The following are the only items within the period of six years before the date of the writ, to wit, March 15, 1934:

| 1929 | DEBIT | |
|---|---|---|
| Feb. 9 | 1 ton coke and pea, ....................... | $14.50 |
| | 2 ft. p. edg. sd. ......................... | 3.00 |
| Nov. 30 | 1 ton coal, .............................. | 12.00 |

| 1929 | CREDIT | |
|---|---|---|
| Feb. 9 | Credit by cash, ......................... | $15.00 |
| March 19 | Credit by cash, ......................... | 2.50 |
| Dec. 6 | Credit by cash, ......................... | 12.00 |
| Dec. 18 | Credit by cash, ......................... | 3.00 |

The total of all of the debits as sued is $774.63 and of the credits given, $294.38, leaving a balance of $480.25, which the presiding Justice found due the plaintiff.

The plaintiff offered no oral testimony but submitted his case on affidavit under the statute. (See R. S. 1930, Chap. 96, Sec. 129.) The defendant testified.

The plaintiff contends that this account comes within the provisions of Sec. 95 of Chap. 95, R. S. 1930, which reads:

"In actions of debt or assumpsit to recover the balance due, where there have been mutual dealings between the parties, the items of which are unsettled, whether kept or proved by one party or both, the cause of action shall be deemed to accrue at the time of the last item proved in such account."

The defendant claims that prior to the transactions of 1929 that which had been a mutual open account current was converted into an "account stated." Thus, two questions arise:

1. If the account be within said Section 95, is it, or any part of it, outlawed; and,

2. Had the items of the account dated prior to March 15, 1928, or any part of the same, been converted into an "account stated" and thus had become outlawed when the action was sued, March 15, 1934?

1. The first question is easily answered by application of the principle of law determined in *Rogers* v. *Davis*, 103 Me., 405, 69 A., 618, in which it was held that where the account is mutual, open and current, the Statute of Limitations begins to run with its last item, either of debit or credit, and that the fact that the debtor, to whom credit has been given, for howsoever short a time, pays for the particular item or items for which credit was extended, does not bar recovery. The Court said, on page 409:

"When the parties by their mutual dealings, by some item of debit or credit have extended the time of the operation of the statute upon the balance of the account, we do not think it lies in the power of the debtor then to shorten the time by making specific payment of debit items. The statute was evidently intended to preserve the right of action upon a mutual unsettled account for six years after the last item, no matter how far back the account commenced. Until there has been a period of at least six years during which there are no items, either debit or credit, the account is alive and suable." (Also see *Mansfield* v. *Gushee*, 120 Me., 333, 348, 114 A., 296, affirming *Rogers* v. *Davis*, supra.)

Cash credits only do not rid the account of its mutuality. *Benjamin* v. *Webster*, 65 Me., 170; *Davis* v. *Smith*, 4 Me., 337.

This account comes within said Section 95 as construed in *Rogers* v. *Davis*, supra. As in *Rogers* v. *Davis*, supra, the charge for tobacco on November 15th caused the statute to run anew from that date, although by specific direction of the debtor it was paid

on the following December 15th, so here, the last debit on November 30, 1929, for one ton of coal, although paid by the $12.00 credited December 6th, caused the statute to run anew on said November 30th. Then, on said last named date, which was within the six year period before the date of the writ, the whole account was alive and suable, there having been no period of at least six years from the beginning to the end of the account when there were no items, either of debit or credit.

2. The claimed "account stated."

"Stated accounts are those which have been examined by the parties, and where a balance due from one to the other has been ascertained and agreed upon as correct." *McLellan* v. *Crofton*, 6 Me., 307, 337; *Lancey* v. *Maine Central Railroad Co.*, 72 Me., 34, 37.

A stated account is distinguished from an open account and this distinction was early and well stated by Chief Justice Mellen in *McLellan* v. *Crofton*, supra, when he said:

"While an account remains open, each party is depending for the recovery of the balance he may consider due to him, upon the promise which the law raises on the part of him who is indebted, to pay that balance; but when the parties have stated, liquidated and adjusted the accounts, and thus ascertained the balance, it ceases to be an account; it has lost the peculiar character and attributes of an account; what was before an implied promise to pay what should be found to be a reasonable sum, by such liquidation and stating of the account, at once becomes an express promise to pay a sum certain. . . . Such balance is a result in which previously existing accounts have become merged, and lost their character and existence." *McLellan* v. *Crofton*, supra, at page 337; *Lancey* v. *Maine Central Railroad*, supra.

"A 'stated account' is an agreement between the parties entered into after an examination of the items by which a balance is struck in favor of one of them. It is a final settlement arrived at after the allowance or disallowance of their respec-

tive claims." *Words & Phrases*, Third Series, Vol. 1, page 145; *McMahon v. Brown*, 219 Mass., 23, 27, 106 N. E., 576, 578; *Chace v. Trafford*, 116 Mass., 529, 532.

"An account stated is an account balanced and rendered with an assent to the balance express or implied, so that the demand is essentially the same as if a promissory note had been given for the balance." *Words & Phrases*, Third Series, Vol. 1, page 144; *Cudd v. Cowley*, 85 So., 13, 14, 203 Ala., 665.

"Thus it is apparent that the necessary elements of an 'account stated' are previous transactions, the fixing of an amount due in respect to such transactions, and a promise to pay. It is true that the promise to pay may be either express or implied, . . ." *Words & Phrases*, Third Series, Vol 1, page 146; *Shores-Muller Co. v. Bell*, 94 S. E., 83, 21 Ga. App., 195.

Now let us consider the defendant's testimony to ascertain if that which was done in this case ever attained unto an account stated. The defendant testified that "Mr. Pride came to me shortly after I had opened my law office in Portland one morning to see me about the account and I told him I was not in a position to make any payment on the account at that time, but that there was a Buick automobile, practically a new car standing in the yard paid for, that he could have, and there was a lot of land next to my house which was free and clear which I owned and he could have that, amounting to the price of his bill, and he said he had all the automobiles he wanted, but he wanted to talk with me about this account a bit, and wanted to keep the credit good. That was all there was to it."

The defendant claims that this constituted a conversion of all of the foregoing items of debit and credit into an account stated. The presiding Justice in finding for the plaintiff must have found to the contrary and we perceive no error in that finding, either in fact or law. The burden to prove the account stated is on the one who sets it up, (1 C. J., Sec. 398, page 727, and cases cited in footnote 75) and so here was on the defendant. The record does not disclose that the plaintiff or anyone in his behalf ever presented the defendant with an itemized statement of the account, that the de-

fendant ever saw the book entries of the plaintiff, that the defendant ever examined the account of the plaintiff, that the plaintiff ever stated orally what it consisted of or the amount of the claimed balance, or that the parties ever agreed upon any balance due the plaintiff. Without their minds meeting upon such a balance, there could be no "account stated."

The record shows that all of these dealings had been between the plaintiff and the defendant's wife, while the defendant had been for the most, if not all, of the time out of the state. As his wife, she had authority to act here as his agent and to incur this indebtedness. There is no evidence to show either that his wife knew the balance claimed or, if she did, that she communicated it to the defendant before this conference with the plaintiff. True, the defendant stated with reference to the bill that it "amounted to around four hundred dollars" but that does not prove a meeting of the minds upon any definite and specific amount. The exact amount must have been determined and agreed upon as part and parcel of the stating of the account.

> "The present rule is, that if a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, that will be evidence to support a count upon an account stated. . . . But a party can only recover under this count when a certain and precise sum is admitted to be due; and an acknowledgment of a debt, but without naming or referring to a sum certain, does not enable a plaintiff to recover on this count even nominal damages; . . . . But it may be shown by other evidence than the defendant's admission, that the sum to which he referred was of a precise and stipulated amount."
> *Chitty on Pleadings*, 16th Am. Ed., Vol. 1, pages 472, 473.

The evidence convinces us, as no doubt it did the presiding Justice, that the plaintiff's purpose in seeking the defendant was to see what could be done in regard to this account of considerable size, and which then had been running for years. The defendant when approached was concerned more with the fact that he could not pay in cash than with how much was the true balance to be paid; so he suggested payment not in cash, nor even by the giving

of a note, but by a delivery of the automobile and conveyance of the house lot, placing no specific value on either; still whether by both or only one the record is not clear. Their minds apparently were focused on the method of settlement rather than on the amount to be paid; but, as to this, they could not agree and so nothing definite resulted from their conference. Not enough transpired to effect an "account stated" and without it the account remained as it had been, mutual and open, not closed nor stated; not settled, but still unsettled.

After this conference, although perhaps then it was intended that their future dealings would be cash, they were not. Credit was extended and book charges were entered without objection, though prompt and full payment was later made. The future indebtedness was not only paid in full but $3.00 in addition was paid December 18, 1929, and credited generally on the account. While the defendant testified that since February 11, 1927, he had paid nothing on the account, yet there was no evidence that his wife, who was transacting this business, did not pay the $3.00. She did not testify. The plaintiff's affidavits proved this payment prima facie and in the absence of contra "competent and sufficient evidence," it was sufficiently proven. Chap. 96, Sec. 129, R. S. 1930. As this was the last item in the account, though one of credit, following *Rogers* v. *Davis*, supra, the statute began again to run anew from that date.

The account as sued and proved was not outlawed. We conclude that the decision below was justified and the entry must be,

*Exceptions overruled.*