15 So.2d 281

### YARBROUGH et al. v. ARMOUR & CO.

#### 8 Div. 337.

Court of Appeals of Alabama.
Oct. 5, 1943.

288

R. B. Patton & D. U. Patton, of Athens, for appellants.

Thos. S. Woodroof, of Athens, for appellee.

SIMPSON, Judge.

Suit is upon the common counts. Count 2 of the complaint charges an account stated between the parties, October 1, 1941.

The two appellants, Fred and Eugene Yarbrough, were sued as "formerly partners, trading and doing business under the firm name and style of Yarbrough Brothers."

The defense was that, though the goods had been sold and delivered to the Yarbrough store, the business at that time had changed hands and was owned by the mother of the brothers Yarbrough; that the sale was to her, and not to appellants; and that the mother, not the appellants, owed the account.

Insisting upon this as the true status of the transactions involving the sale and purchase of the goods, appellants argue for error in the refusal of their request for the affirmative charge. Clearly, however, the evidence for the plaintiff and the inferences reasonably to be drawn therefrom were sufficient to support a finding by the jury that said defendants continued to carry on the business and thereby held themselves out as partners, whether under the name of Yarbrough Brothers or Yarbrough Grocery Company, and that plaintiff, who had all the while dealt with the two brothers as partners, had no notice of the change in ownership of the store from the brothers to the mother. In view of this material conflict in the evidence, the general affirmative charge for defendants was correctly refused. Ala.Digest, Trial, ⊕ 143; Eggleston v. Wilson, 211 Ala. 140, 100 So. 89.

The more serious questions presented by the appeal, and urged by appellants for a reversal, arise from the refusal of the general affirmative charge as to count 2, claiming upon an account stated.

The facts material to a decision of this phase of the case are: On October 24, 1941, appellee's attorney, who had the account for collection, wrote a letter to "Yarbrough Bros.", stating the amount of the claim at $89.74, and threatening suit unless satisfaction were promptly made. (This, when received by the addressee, was a sufficient rendition of the account. 1 C.J.S., Account Stated, p. 701, § 19. "An account is 'rendered' when it is presented." Butler v. United States, D.C., 87 F. 655, 668.) Thereafter, Fred Yarbrough answered the letter in person and (according to the attorney's testimony) stated "that they received the goods, that they owed the account and that they would pay it and that all they wanted was just a little time." Though it was his contention at the trial that by this acknowledgment of the debt, etc., he did not intend to bind himself or his brother, such an issue was exclusively for the decision of the jury. Clearly, the statement is easily subject to a contrary interpretation. And, if so, this acknowledgment of the claimed indebtedness was sufficient to quicken the transaction into an account stated insofar as Fred Yarbrough was concerned, thereby disentitling him to a directed verdict.

An account becomes stated when a specified indebtedness is admitted to be correct. Loventhal v. Morris, 103 Ala. 332, 336, 15 So. 672; Moore v. Holdoway & Co., 138 Ala. 448, 450, 35 So. 453; Powell v. Pickett, 219 Ala. 18, 121 So. 23.

Where the debtor agrees with the creditor as to the amount and promises to pay it, it becomes, in the absence of mistake or fraud, an account stated, although the debtor may subsequently change his mind. Wise, Boles & Bowdoin v. Fuller, 11 Ala. App. 427, 66 So. 827, Syl. 5.

It is also contended that count 2 should have been charged out of the case because of a variance between allegata and probata. If conceded to be material, the variance in dates between the stated account as alleged and as proven, as well as the slight discrepancy between the amount of the account as alleged and as proven, cannot be made the subject of a reversal. This variance, in each instance, could have been cured by an amendment of the count and under the prevailing rule the trial court

290

will not "be put in error for refusing the general charge predicated upon such variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence." Circuit Court Rule 34, Title 7, Appendix p. 1035, Code of 1940. No special objection was made as to the variance upon the introduction of the proof, nor did the defendants bring same to the attention of the trial court when requesting the affirmative charge. Hence, there is no ground for error in this regard.

■ The next insistence is that defendant Fred Yarbrough could not, by his acknowledgment of the correctness of the account and agreement to pay it, bind his codefendant to individual liability, the partnership at that time having been dissolved (citing 1 C.J.S., Account Stated, § 12, p. 698). Decision of this question, however, was not invoked pending trial and, of course, cannot now be made the predicate for error.

■ No specific objection to the admission of the evidence as against Eugene Yarbrough was made during the trial and, under the general rule, where the evidence elicited or sought to be elicited was in part relevant (certainly as to the other codefendant), the court will not be put in error for its admission under these circumstances. Jackson v. State, ante, p. 212, 14 So.2d 593, and cases cited.

■ Nor was a ruling invoked upon the question of the liability under count 2 of the codefendant, Eugene Yarbrough, by the general request that a verdict be directed in favor of the defendants as to said count. To have given such an instruction would have pretermitted consideration of the liability under count 2 of the other partner. The effect of granting such a request would have been to direct a verdict, also, for Fred Yarbrough, which as demonstrated hereinabove was unauthorized. There was no error therefore in refusing the affirmative charge in the general form requested.

■ Charges which ignore or exclude issues or evidence are erroneous and properly refused. Ala.Digest, Trial, ☜ 233.

■ Had the defendant, Eugene Yarbrough, considered himself entitled to the affirmative charge on count 2, it was incumbent upon him to duly request the same for himself alone in order to invite a ruling of the trial court thereon. Not having done so, the question of his liability under said count is not before us for review.

■ Likewise untenable is the contention that error prevailed in admitting in evidence the original sales invoices of the merchandise admittedly sold and delivered. Other considerations aside, they were properly allowed in evidence as memoranda of the transactions, made at the time and in the usual course of business. Code 1940, Title 7, § 415.

The whole case considered, in connection with the brief and argument of able counsel, the court has concluded that the case was one of fact for the jury's decision and that nothing is shown to warrant judicial interference with the proceedings below.

Affirmed.