## Ex parte Hall.

### Mandamus.

(Decided Feb. 13, 1908.   Rehearing denied July 3, 1908.
47 South. 199.)

1. *Intoxicating Liquors; Prohibition; Statutory Provisions.*—The act establishing the dispensary in Florala (Local Acts 1907, p. 884) renders it unlawful to sell whisky in said town otherwise than in a dispensary, and if the law is otherwise valid, it is a good law to prohibit the sale of liquor.

2. *Constitutional Law; Special Privileges.*—The act establishing a dispensary in Florala, (Local Laws 1907, p. 884) is not void as a grant of special privileges to the town council or dispensary commissioners, as under it they have no direct pecuniary interest in the business, the proceeds thereof going to the schools and such other objects of a public nature as may be designated by the town authorities.

3. *Same; Legislative Power; Delegation.*—The act establishing a dispensary at Florala (Local Law 1907, p. 22_) is not invalid as conferring legislation upon the town notwithstanding it provides that upon a failure of the town to open a dispensary, no liquor should be sold therein; the failure of a town to open a dispensary would not be legislation, the authority given it being simply to avail itself of the exception made to sell liquor there, and the fact that the opening of the dispensary was not made mandatory in no sense gave the town the authority to legislate.

4. *Same.*—The option to discontinue at will a dispensary once established by a town can be delegated to the town, and the exercise of the option is not legislation on its part, notwithstanding the act establishing the dispensary provides that no liquors shall be sold in said town except in a dispensary.

APPEAL from Andalusia City Court.

Heard before Hon. B. H. LEWIS.

Application by T. A. Hall, for mandamus to the judge of probate of Covington county, to require him to issue a license for the sale of liquor in the town of Florala in the said county. From a judgment denying the rule petitioner appeals. Affirmed.

PARKS & RANKIN, for appellant. The statute creating the dispensary at Florala is unconstitutional and void. —*Mitchell v. The State, ex rel.*, 134 Ala. 392; *Town of Elba v. Rhodes*, 142 Ala. 189; *Harland v. The State*, 136 Ala. 150; *Lee v. The State*, 39 South. 720.

ALBRITTON & ALBRITTON, and STEINER, CRUM & WEIL, for appellee. Counsel discuss questions presented but without citation of authority.

ANDERSON, J.—Section 14 of the act of 1907 (Loc. Laws 1907, p. 884) makes it unlawful to sell liquor, etc., in the town of Florala, except by a dispensary to be established thereunder, and is a good law to prohibit, if not otherwise bad.—*Mitchell v. State*, 134 Ala. 392, 32 South. 687; *City of Uniontown v. State, ex rel. Glass*, 145 Ala. 471, 39 South. 814.

It is insisted by counsel for appellant that this law is invalid under the authority of *Mitchell v. State, supra*, and *Town of Elba v. Rhodes*, 142 Ala. 689, 38 South. 807. We think the act in question free from the vice pointed out by said authorities as contained in the acts therein construed. This act delegates the authority to the municipality to operate and maintain the dispensary for the town and with corporate funds, gives the town the authority to elect the commissioners every four years, provides that the business shall be conducted

[Ex parte Hall.]

by the intendant and aldermen, through a dispenser and the commissioners, requires daily reports to be made to the town treasurer, and appropriates the profits arising from the business to the town, for the schools and such other objects and purposes as may be designated by the town. Nor do we construe the act as conferring any legislative authority upon the town. It is true the act establishes prohibition, unless the town opens a dispensary; but its failure to open such dispensary does not amount to legislation on the part of the town. The act makes it unlawful to sell liquors in said town, except by a dispensary; and this is legislation by the Legislature, and no delegation to the town. All authority given the town is simply to avail itself of the exception made; otherwise, prohibition should prevail, under the act of the Legislature. Clearly the Legislature would have the right to prohibit the sale of liquors, except through an authorized dispensary; and the fact that the opening of the dispensary is not made mandatory in no sense gives the municipality the authority to legislate, nor does it legislate by failing to open said dispensary. Moreover, there is nothing in the act authorizing the town to discontinue at will; but, if there was, we think this option can be delegated to a municipality, the exercise of which would in no sense be legislation on its part.

The judge of the city court did not err in denying to issue the rule nisi.

Affirmed.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.