33 So.2d 268

### CITY OF GADSDEN v. ELROD.
### 7 Div. 910.

Court of Appeals of Alabama.
Oct. 28, 1947.

Rehearing Denied Nov. 18, 1947.

Miller & Pittman, of Gadsden, for appellant.

Roy D. McCord, of Gadsden, for appellee.

BRICKEN, Presiding Judge.

This suit was brought under the provisions of Title 37, Section 502 of the Alabama Code 1940. The pertinent portion of said Statute, here involved, reads as follows:

"* * * or unless the said injury or wrong was done or suffered through the

neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council, and whenever the city or town shall be made liable to an action for damages, by reason of the unauthorized or wrongful acts, or the negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."

Appellee, a minor, by his next friend, Marjorie Ann Elrod, sued the appellant, the City of Gadsden, for damages alleged to have been sustained by a fall from a defective bridge or walkway over a ditch in the City of Gadsden, leading from one public street in the direction of another public street. The complaint, as amended, shows that the injury occurred on or about the 29th day of June 1943, and that a claim was filed within six months after the injury occurred. The plaintiff filed with the City Clerk of the City of Gadsden a sworn statement stating the damages claimed, the amount thereof, the character of the injuries, the day and date of the injuries, and the place of said accident. The claim was duly verified as required by law.

■ Upon the trial there was no insistence that the City of Gadsden erected the bridge in question. The suit was essentially against the City for negligently maintaining the said bridge. The evidence is without conflict that this bridge, or walkway, over the ditch, in said City, was used by the public generally, and it was without conflict that said bridge was in a bad state of repair at the time of the injury to the minor child involved in this case. The evidence was in sharp conflict as to whether the City ever maintained said bridge. This conflict and the evidence made and presented a jury question, and the case was properly submitted to the jury on that issue.

■ Counsel for appellant, defendant below, objected to the introduction of a duplicate of the original claim filed with the City on the grounds (1) that the original had not been accounted for, and (2) that there

was a fatal variance between the facts set forth in the claim, and the allegations of the complaint. Technical accuracy is not required in Statutes of this kind (Statute supra), but a substantial compliance is sufficient, and is in line with the weight of authority. McKinnon v. City of Birmingham et al., 196 Ala. 56, 71 So. 463; Maise v. City of Gadsden, 232 Ala. 82, 166 So. 795.

■ The complaint, as amended, affirmatively shows on its face that a claim was filed. There was no plea filed by appellant alleging that the claim was not so filed. As aforesaid, counsel for appellant interposed objections to the introduction of the duplicate of the claim alleged to have been filed with with the City Clerk, but no exception was reserved to the action of the trial court in allowing proof of the filing of the claim with the City Clerk in the method shown by the record. There is nothing presented for review in this instance.

■ The phrase "to wit" as used in the complaint in this case was used by the appellee for the purpose of informing appellant that he did not intend making his proof as to the time of the alleged accident to be held strictly to the day named in the complaint as the day on which the accident took place, but that the accident occurred on or about that day, and the phrase was effective for that purpose. The office of the phrase "to wit," in pleading is to state the time, place, number or manner, which are not the essence of the matter in issue, so that they may not be required to be proven strictly as laid. There is, therefore, nothing in the contention of appellant that the plaintiff was held strictly to the proof of the exact time laid in the complaint as to the day upon which his cause of action arose. Central of Georgia R. Co. v. Teasley, 187 Ala. 610, 65 So. 981; Southern R. Co. v. Taylor, 148 Ala. 52, 42 So. 625.

■■ The locus in quo was sufficiently given in both the claim filed with the City Clerk, and the complaint filed in the cause as same was amended. Both the claim and complaint mentioned the place of the injury as occuring on a walkway along Tenth Street near Shahan Avenue, both public streets in the City of Gadsden. A more

detailed description could have been given in the claim filed with the City Clerk but, technical accuracy not being required, it was sufficient to inform the authorities of the manner of the injury, the time and place, and the amount claimed, with the nature and character of the injuries. City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382.

An assignment of error to the effect that the trial court erred in overruling demurrer to the complaint is too general. Reynolds v. Lawrence, 147 Ala. 216, 40 So. 576, 119 Am.St.Rep. 78.

The assignments of error, in many instances, wholly fail to meet the requirements of Rule 1 of Rules and Practice in our appellate courts.

Assignments of error which merely point to that part of the record in which the error complained of is supposed to exist are insufficient. Micou v. Tallassee Bridge Co., 47 Ala. 652. So a reference to pages 4, 5, and 6 has been held not in compliance. Hall v. Pearce, 209 Ala. 397, 96 So. 608.

We have carefully examined all the assignments of error meeting the rules governing same and are clear to the conclusion that no error to reverse here intervened. Sup.Ct. Rule 45, Code 1940, Tit. 7, Appendix.

There was no error in the court's refusal to grant appellant's motion for a new trial.

Affirmed.