84 So.2d 365

## The PERSONNEL BOARD OF MOBILE COUNTY

v.

## CITY OF MOBILE et al.

1 Div. 590.

Supreme Court of Alabama.

Nov. 28, 1955.

Rehearing Denied Jan. 12, 1956.

Albert J. Tully, Mobile, for appellant.

Fred G. Collins, Mobile, for appellees.

PER CURIAM.

The purpose of this suit is to obtain a declaration as to the constitutionality of Act No. 370, approved August 21, 1953. General Acts 1953, page 439.

The demurrer to the bill was sustained by the trial court: the demurrer expressing the view that said Act was not violative of the various sections of the Constitution referred to in the bill.

The bill of complaint recites that "your petitioner, the personnel board of Mobile County, Alabama, respectfully shows", etc. It then gives the names of the members of the personnel board; the City of Mobile, a municipal corporation, and Henry R. Luscher, the mayor; and other members of the city commission are named and made parties respondent, together with Dudley E. McFadyen who is the chief of police of the City of Mobile. The bill or petition does not expressly say that the members of the personnel board are made parties complainant; but it is signed by one of them as chairman. The appeal bond to this Court and the notice of appeal recite that the appeal is taken by complainant (the personnel board). The security for cost is signed in the name of the personnel board and Lon B. Moreland, chairman, and J. G. Scott, member, with a fidelity company as surety.

■ No question is raised on this appeal as to the power of the personnel board to bring this suit in its name. But it is necessary for us to take note of the question and determine whether the suit is by a party authorized by law to maintain it. The personnel board is a part of the civil service system applicable to Mobile County and to municipalities located therein as created by a local act approved September 15, 1939, Local Acts 1939, page 298. The duties and authority of the personnel board are prescribed by section 7 of the Act as the same was amended by Act No. 431, approved September 25, 1947, Local Acts 1947, page 288. Neither of those acts authorize the personnel board to sue or be sued, nor do those acts purport to constitute such board a corporation. It is our view that the board does not have the capacity in its name alone to maintain a suit for a declaratory judgment or for any other purpose. Under the local act the personnel board is a county agency having charge of a county-wide civil service system.

In the case of Consolidated Indemnity & Ins. Co. v. Texas Co., 224 Ala. 349, 140 So. 566, with reference to the state board of administration, we observed that it is not such an entity as to be able to maintain a suit. Neither can it be sued. We think that principle applies to a personnel board either of a county or a city, respectively.

■ But when an officer is confronted with the question of what are his duties under the law, and whether an act prescribing his duties and powers is violative of the Constitution, and a controversy arises between him and some person whose duties are adversely prescribed by law, such officer, because he is an officer, may sue the one who is controverting his authority and duties to obtain a declaration in respect to the controversy. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479.

■ That principle would justify this suit by the individuals composing the personnel board against the city and its chief of police who are controverting with them the meaning and validity of the Act No. 370, approved August 21, 1953, as the same affects their respective official duties. As stated above, the individuals composing the personnel board are named in the bill or petition, and two of the three members of the board signed the appeal bond. See Smith v. Collier, 210 Ala. 23, 97 So. 101. Since there is no controversy as to the right of complainant to file this suit and to appeal to this Court, we will treat it as a virtual agreement that the persons so named as

members of the personnel board are the complainants bringing this suit as a guidance to their official action.

■■ The Act of 1939, supra, has direct application to a county-wide system in the County of Mobile and to the respective municipalities in the county. The bill or petition also alleges that the board has jurisdiction over the classified employees of the City of Mobile, including the chief of police and the police department. That allegation is not contested except that the Act of 1953, supra, purports to take that power away from the personnel board when the conditions named in the act have occurred.

The Act No. 370, approved August 21, 1953, is in form a general act with local application. It applies to a county, or a city or town, in any county "having, according to the last or any future Federal census, a population in excess of 225,000 inhabitants and less than 500,000 inhabitants". It also provides that if any city or town in such county is "subject to any county-wide Civil Service System, the Personnel Director and Personnel Board and other officials of any such county-wide Civil Service System shall have no rights, powers or duties with reference to the hiring, demotion, suspension or discharge of the Chief of Police of such City or Town or with respect to the fixing of his compensation or with respect to prescribing his working conditions".

The County of Mobile has a county-wide civil service system set up by the Local Act of 1939, supra. See Bates v. State ex rel. Conniff, 240 Ala. 609, 200 So. 779. It has a population range within the specified limits of 225,000 and 500,000. It is the only county in the State within that population range according to the last federal census. Jefferson County has more than 500,000 population, and Montgomery County has less than 225,000. Mobile County has 231,105. Counties having a population of 400,000 or more according to the last or any future federal census are governed by the Act approved July 6, 1945, Title 62, section 330(22) et seq., pocket part, Code. That act also is in form a general act, but applicable only to counties having the population stated above. Jefferson County is the only one which qualifies at present to be controlled by that act. Many times we have given it effect in Jefferson County.

The instant Act of 1953, supra, likewise has such a range of population that we think it does not infringe upon constitutional law. Opinion of Justices, Ala., 82 So.2d 344 [1]; Taxpayers and Citizens of City of Alabama v. Board of Com'rs of City of Mobile, 252 Ala. 446, 41 So.2d 597. The reference in the Act of 1953 to a county which may have a county-wide civil service system merely has the effect of emphasizing its effect in all counties within the classification whether or not there is in any of them a county-wide civil service system. It is not a double classification condemned in In re Opinion of the Justices, 256 Ala. 160, 53 So.2d 881. We think the contention that the Act of 1953, supra, is a local act is not well sustained.

■ As a general rule a general law does not by implication amend or repeal a local law. Burns v. State, 246 Ala. 135, 19 So.2d 450(2); In re Opinion of the Justices, 244 Ala. 384, 13 So.2d 762. But it may do so to carry out the intent of the legislature. Bates v. State ex rel. Conniff, 240 Ala. 609, 200 So. 779; Shepherd v. Clements, 244 Ala. 1, 141 So. 255; Heck v. Hall, 238 Ala. 274, 190 So. 280. It is so expressed in the Act of 1953, supra.

■ Appellant also insists that the Act of 1953 is a delegation of legislative power to a city. The act does permit a city within the class designation to provide by ordinance that it shall have the right to hire, etc., the chief of police in the city and to fix his compensation; and also to confer upon the chief of police certain duties and powers in respect to the employees of the police department of the city.

It is of course well understood that the only authority which has the power to

make State laws is the legislature. Section 44, Constitution. That means that a city or town cannot validly enact a State law, amend or repeal it. But the legislaure has the power to determine and fix the time when, place where and conditions on which a law otherwise complete within itself will be operative and effective. "And the operation of a law in a county or city may be left to a vote in that county or city." In re Opinions of Justices, 232 Ala. 60, 166 So. 710, 714; State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 227, 59 So. 294; Ward v. State ex rel Parker, 154 Ala. 227, 45 So. 655; Ex parte Hall, 156 Ala. 642, 47 So. 199.

■ If the Act of 1953 is intended to mean that the changes there provided shall be operative and effective in such counties or cities within the class designated only when the "governing body of any such city or town" shall adopt a resolution or ordinance providing for such changes, it would not violate section 44 of the Constitution. It is not important that the governing body of the city is given such right rather than the voters of the city. That construction of the act could be very well given it if necessary to support the power of the legislature to enact it.

■ The legislature may authorize a municipal corporation to pass laws and ordinances applicable to its government so long as they are not inconsistent with State laws (section 89 of the Constitution), or other constitutional provisions. That has been the practice throughout the years. Sections 50 and 455, Title 37, Code. It cannot, of course, affect its charter powers. That is solely within the province of the legislature. But in respect to the operation of its local government, the legislature may authorize, as it has, the adoption of ordinances and resolutions not inconsistent with State laws to carry into effect the duties and powers conferred by law. Those duties and powers prescribed by law—all taken together—constitute its charter. State ex rel. Britton v. Harris, 259 Ala. 368(8), 67 So.2d 26. It may exercise only such powers as are expressly granted by the legislature or necessarily implied in or incident to the powers expressly conferred and those indispensably necessary to the accomplishment of the objects of the municipality. Colvin v. Ward, 189 Ala. 198, 66 So. 98.

■ Without the Local Act of 1939, and except as limited by it or some other law or constitutional provision, the power of the city government of Mobile to enact ordinances governing its employees is broad. Hickman v. City of Mobile, 256 Ala. 141, 53 So.2d 752; State ex rel. Hyland v. Baumhauer, 244 Ala. 1, 12 So.2d 326; Title 37, sections 50 and 455; Title 62, section 461, Code. The Act of 1939 made a limitation on that power and conferred it on the personnel board. Tyson v. Arn, 259 Ala. 681, 68 So.2d 526. The Act of 1953 curtailed that limitation, and restored it in part to the city authorities, but did not confer upon the city authorities the power to pass a law inconsistent with a State law.

The judgment of the Mobile Circuit Court, in Equity, should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.