112 So.2d 508

**J. A. HANSON**

v.

**C. A. KENNADY.**

8 Div. 405.

Court of Appeals of Alabama.

Jan. 27, 1959.

Rehearing Denied Feb. 24, 1959.

Hoyt Long, Guntersville, for appellant.

P. W. Shumate, Guntersville, for appellee.

HARWOOD, Presiding Judge.

The complaint below, as amended, was in one count, and claimed on account stated.

The count was substantially in code form, and the court did not err in overruling the demurrer filed thereto.

The defendant (appellant here) filed pleas of the statute of limitations, and of the general issue.

The defendant also filed a motion to transfer the action to the equity side of the court, alleging he had an equitable defense, and that the matters involved in the suit were complex, and necessitated a fair adjudication of mutual accounts.

The action of the court in denying the motion to transfer this action to the equity side is assigned as error by the appellant, and is alluded to in his brief. The overruling of a motion to transfer an action from the law side to the equity side of the court is not reviewable. Maryland Casualty Company v. Dupree, 223 Ala. 420, 136 So. 811.

In the trial below the plaintiff testified that in 1943 he and the defendant entered into an oral agreement whereby the defendant was to sell him twenty acres of land for $1,000, the purchase price to be paid over a period of ten years. The plaintiff paid $135 of the purchase price, plus 18 spools of barbed wire, and an unspecified quantity of tacks and staples.

The plaintiff went into possession of the land, and apparently cultivated the land some few years.

The plaintiff also did work for the defendant, such as covering two houses, furnishing material, etc.

Then according to the plaintiff:

"I seen I had overpaid him and it just been 6 years since we got started and I had 10. So I called on him for a settlement and I had gone a right smart while and I had to go about 8 or 10 times. After a while I got him into a settlement in '49. And he give me a due bill then shows what he owed me $1581.51 and he wrote me that due bill out and he said, 'Now, I am going to pay you. I'm going to make you a deed.' Well, I knew that I had done way yonder more than paid for the land. But I said, 'That's all right. I have got some hauling to do, I will let you haul some out.' He said, 'All right.' "

According to the plaintiff he was never able to get the defendant to give him a deed as there was a prior mortgage on the twenty acres.

Thus, according to the plaintiff, he and defendant cast their running accounts in 1949, and the defendant wrote out a statement headed "Due C. A. Kennady." This statement reflects a balance due of $1,581.51. The statement was not signed by the defendant.

The plaintiff further testified that upon the defendant giving him this statement the defendant stated this was the amount he owed plaintiff, that he could not pay it at the time, but he was going to pay it.

In his own behalf the defendant testified that at the time he wrote out and gave

this statement to the plaintiff he told the plaintiff that it was not correct, as all items were not shown. The defendant further denied he had promised to pay the balance shown by the statement.

This contradiction of course created a question of fact within the province of the court to resolve.

■ As stated by Justice Simpson, then a member of this court, in Yarbrough v. Armour and Company, 31 Ala.App. 287, 15 So.2d 281, 283;

"An account becomes stated when a specified indebtedness is admitted to be correct. Loventhal v. Morris, 103 Ala. 332, 336, 15 So. 672; Moore v. E. Holdoway and Company, 138 Ala. 448, 450, 35 So. 453; Powell v. Pickett, 219 Ala. 18, 121 So. 23.

"Where a debtor agrees with the creditor as to the amount and promises to pay it, it becomes, in the absence of mistake or fraud, an account stated, although the debtor may subsequently change his mind. Wise, Boles & Bowdoin v. Fuller, 11 Ala.App. 427, 66 So. 827, syl. 5."

It is clear that if the testimony of the plaintiff below be believed to the degree required, the account between this plaintiff and this defendant became stated in 1949.

■ The plaintiff below further testified that it was agreed between him and defendant that the defendant would be given credit on the stated account for any work or materials furnished the plaintiff by the defendant, and in this connection that in 1950 the defendant hauled gravel for the plaintiff and was credited with $40 therefor; in 1951 he again hauled gravel for the plaintiff and was credited with some fifty odd dollars on the debt; in 1952 the defendant cut ten acres of land for the plaintiff and $30 was credited on the debt for this work; in 1954 the defendant paid $20 on the debt.

The defendant's testimony in short constituted a denial of these payments. Again this contradiction but raised a question of fact for the court below to determine.

■ This suit was filed on 19 September, 1956, a date beyond the limitation of six years for actions on accounts stated. Section 21, Title 7, Code of Alabama 1940. However, if payments on the account stated were made, and in each case before the bar of six years was complete, the bar is thereby removed, and begins to run from the date of the last payment. Cameron v. Cameron, 95 Ala. 344, 10 So. 506; Bailey v. Butler, 138 Ala. 153, 35 So. 111. Under the plaintiff's testimony, the bar of the statute of limitations was removed by the payments made within the six year period.

What we have written above we think disposes of all of appellant's assignments of error, except assignments Nos. 13, 14, 16, and 17.

■ Appellant's attempted assignments of error Nos. 13, 14, 16, and 17, pertaining to certain rulings as to the admission or rejection of evidence merely point to the pages of the record where such rulings are supposed to exist. Such assignments are not sufficient to invite our review in that they do not state concisely in what the error consists as required by Supreme Court Rule No. 1, Code 1940, Tit. 7 Appendix. City of Gadsden v. Elrod, 33 Ala.App. 263, 33 So.2d 268; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371.

Affirmed.