148 So.2d 243

**E. C. ANDERSON, as Chief of Police,**

**City of Prichard,**

**v.**

**Edward O. SMITH.**

**I Div. 33.**

Supreme Court of Alabama.

Dec. 20, 1962.

Stone & Howard, Mobile, for appellant.

Howell, Johnston & Langford, Mobile, for appellee.

Wm. R. Lauten and Ralph Kennamer, Mobile, amici curiæ.

HARWOOD, Justice.

This is an appeal from an order of the lower court granting a peremptory writ of mandamus against the appellant ordering him to re-instate the petitioner appellee as a police patrolman as of the date of appellee's suspension as such police officer by the appellant who was, at the time of these proceedings, Chief of Police of the City of Prichard.

■ The appellant has made some nine assignments of error.

Assignment of error No. 3 is not directly or indirectly referred to in appellant's brief, and must be deemed waived.

■ Assignments 6 and 7 pertain to certain rulings as to the admission or rejection of evidence, these rulings being referred to in a combined general way and by reference to the pages of the record where such rulings may be found. Such assignments are not sufficient to invite our review in that they do not state concisely the error complained of as required by Supreme Court Rule No. 1. See also Hanson v. Kennady, 40 Ala.App. 161, 112 So.2d 508, and cases therein cited.

Assignment of error No. 1 asserts error on the part of the lower court in overruling appellant's demurrer to the original petition; assignment of error No. 2 asserts error in overruling appellant's demurrer to the petition as amended; assignment of error No. 4 asserts error in sustaining appellee's demurrer to the pleas of appellant; and assignment No. 5 asserts error in sustaining the demurrer to the answer of appellee.

In brief counsel for appellant have set forth four propositions of law to the effect that the court's rulings in the above instances were respectively contrary to the law of this State. The same eight cases are cited in support of each proposition of law.

In the argument portion of their brief counsel for appellant have made a rather general discussion of Act No 370, General Acts of 1953, page 439, and of the decision of this court in Personnel Board of Mobile County v. City of Mobile, 264 Ala. 56, 84 So.2d 365, wherein Act 370 was held to be constitutional.

The only reference to any of the pleadings to be found in the argument set forth in appellant's brief is the following statement:

"Further, there can be no doubt but that the trial court, in overruling the demurrer of appellant, specifically stated 'I am overruling them as to the whole act' * * *".

The demurrers filed to the complaint, and to the complaint as amended, and the appellee's demurrers to the pleas of appellee, and the answer of appellee, all contain a large number of grounds.

Clearly in several instances the court's ruling was proper in view of some of these grounds.

■ Appellant by his general argument must be deemed to have grouped these assignments. This being so, any alleged errors had they been properly specified could not avail the appellant. Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568; Wilson v. McClendon, 259 Ala. 382, 66 So.2d 924. No merit therefore attaches to assignments 1, 2, 4, and 5.

■ Actually, as we interpret appellant's brief, his argument is directed to a statement by the court of his reasons for sustaining the demurrer to the complaint as amended, in that the court expressed the opinion, after ruling on said demurrer, that Act 370, supra, was unconstitutional. The question on this appeal is whether the ruling of the court is correct, and not the reasons advanced by the court for such ruling. Alabama Public Service Commission v. Mobile Gas Company, 213 Ala. 50, 104 So. 538, 41 A.L.R. 872, and cases therein cited.

We do not wish to be understood as departing from the doctrine of Personnel Board of Mobile County v. City of Mobile, 264 Ala. 56, 84 So.2d 365, supra, nor as being in accord with the expressions of the trial court as to the constitutionality of Act 370, supra. Our conclusions in the instant case we feel are necessitated by record and briefs before us, and the rules of appellate practice.

Assignments 8 and 9 assert error in the action of the court in declaring Act 370, supra, to be unconstitutional.

Again, these assignments are directed to reasons given by the court for its ruling on the demurrer to the petition as amended, and what has been said above is applicable to these assignments.

 By its attorneys the City of Mobile has filed as amicus curiae brief.

In this brief the attorneys for the City of Mobile have attempted to argue appellant's assignment of error No. 3. As stated above appellants have, by not referring to this assignment in briefs, waived the same.

An amicus curiae is limited to the issues made by the parties to a suit. The appellant having waived assignment of error No. 3, the same cannot be injected into this review by any action on the part of the amicus curiae.

It is our conclusion that the rules of this court, the decisions thereunder, and the requirements of appellate procedure necessitate an affirmance of this decree.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.