Appeal from an adverse order in a declaratory judgment action brought by the Mobile County Personnel Board challenging the constitutionality of Act No. 80-797, approved by the Alabama Legislature on May 28, 1980. We affirm the trial court's order upholding the constitutionality of the Act.
Act No. 80-797 amended Act No. 710 of the 1976 Regular Session. The latter Act, approved on August 24, 1976, was a "bracket bill," applying in counties with populations of not less than 300,000 nor more than 500,000. Act No. 710 fixed the starting salary of deputy sheriffs in those counties as a sum not less than the starting salary of an Alabama State Trooper, and also provided that deputy sheriffs in those counties were entitled to the same subsistences or allowances as those allowed to a State Trooper. Acts of Ala., Reg. Sess. 1976, Vol. II, p. 990.
Act No. 80-797, utilizing the same population brackets, amended Act No. 710 by establishing minimum compensation levels for deputy sheriffs and others measured by corresponding Trooper pay:
 The compensation of all Deputy Sheriff I's shall not be less than that of a State Trooper with equal time in grade. The compensation of all Deputy Sheriff II's shall not be less than that of a State Trooper Corporal with equal time in steps within grade. The compensation for all Sheriff's Sergeants, Lieutenants, Captains, and Majors shall not be less than that of State Trooper Sergeants, Lieutenants, Captains, and Majors with equal time in steps within grade. In no case will this act reduce the compensation for any Sheriff's Deputy I, Deputy II, Sergeant, Lieutenant, Captain, or Major. Merit increases for any grade will be approved in accordance with Mobile County Personnel Board procedure. All Deputy Sheriff I's, Deputy Sheriff II's, Sergeants, Lieutenants or any other grade which may become a part of the Sheriff's Department shall be paid out of county funds. Sections two, three, four, five and six of Act 710, H. 1102 shall remain unchanged. Provided however that the effective date of this Act shall be October 1, 1980, and further providing that no salary increase enacted by the 1980 Regular Session of the Alabama Legislature for Alabama State Troopers or any other employee of the Alabama Department of Public Safety shall be due or payable to any deputy sheriff or any other employee covered by this Act or by Act 710, H. 1102, Regular Session of the 1976 Alabama Legislature. [Act No. 80-797, 1980 Acts of Ala., Reg. Sess. 1980, Vol. III, p. 1630.]
The petitioners contended that Act No. 80-797 conflicts with several provisions of the Constitution of 1901. Mobile County, the sheriff of Mobile County, and several employees of that county's sheriff's department, as intervenors, filed answers to the complaint. The parties entered into a stipulation of facts, and after oral argument the trial court sustained Act No. 797, holding:
 1. That Act 710 passed in the 1976 regular session of the Alabama Legislature is declared to be a Local Act under the authority of Peddycoart v. City of Birmingham . . .
 2. That Act 80-797 passed in the 1980 regular session of the Legislature of Alabama, is a Local Act which amends a local act and is not unconstitutional.
 3. That all personnel of the Mobile County Sheriff's Department who holds [sic] the rank of Deputy Sheriff I, Deputy Sheriff II, Deputy Sheriff Sergeant, Deputy Lieutenant, Deputy Captain, and Deputy Majors are all Deputy Sheriffs within the meaning of Act 710 of the 1976 regular session of the Alabama Legislature and shall be compensated in accordance with the provisions of Act 710 of the 1976 regular session of the Alabama Legislature as amended by Act 80-797 *Page 391 
of the regular session of the Alabama Legislature. . . .
A subsequent order stayed the implementation of Act No. 80-797 pending this appeal which ensued.
The petitioners contend that Act No. 80-797 offends Section 105 of the Constitution of 1901 because it is a local bill operating on a subject already subsumed by a general law, Act No. 710. The argument proceeds in this manner: Act No. 710 was a general Act of local application enacted before the decision reached in Peddycoart v. City of Birmingham, Ala.,354 So.2d 808 (1978); that under Peddycoart Act No. 80-797 is a local law, and because it deals with the same subject matter as that contained in Act No. 710 it violates Section 105.
It is important to recognize what Peddycoart decided. There this Court was concerned with the interpretation of Section 105:
 [N]o . . . local law . . . shall be enacted in any case which is provided for by a general law. . . .
In construing this language, we pointed out, "we are bound to consider the phrase as one of restraint and limitation pertaining to matters of the same import dealt with in the general law." And in determining the distinction between a local and a general legislative Act we applied the constitutional definitions literally:
 The Alabama Constitution, § 110, defines a general law as one "which applies to the whole state," and a local law as one "which applies to any political subdivision or subdivisions . . . less than the whole. . . ." [Peddycoart, supra, at 811.]
The effect of Peddycoart, of course, was to prospectively prevent the use of population classifications, i.e., "bracket bills," to govern the nature of the legislation in which they were used. Notwithstanding the presence of those classifications, Peddycoart held, if at the time legislation was adopted it applied to any political subdivision less than the whole state it was a local law.
We must point out, however, that following the Peddycoart
decision which was released on January 13, 1978, two amendments to the Alabama Constitution of 1901 were ratified by the people: Amendment No. 375, ratified on November 20, 1978, and Amendment No. 389, ratified on November 4, 1980. Because the latter Amendment is pertinent, we quote it here:
 Any statute that was otherwise valid and constitutional that was enacted before January 13, 1978, by the legislature of this state and was a general act of local application on a population basis, that applied only to a certain county or counties or a municipality or municipalities of this state, shall not be declared invalid or unconstitutional by any court of this state because it was not properly advertised in compliance with section 106 of this Constitution.
 All such population based acts shall forever apply only to the county or counties or municipality or municipalities to which they applied on January 13, 1978, and no other, despite changes in population.
 The population based acts referred to above shall only be amended by acts which are properly advertised and passed by the legislature in accordance with the provisions of this Constitution. [Code of 1975 (1980 Cum.Supp. at 51.)]
The effect of this Amendment was to validate all "bracket bills" enacted without advertising before January 13, 1978, the date of the Peddycoart decision, and which were not otherwise unconstitutional. Act No. 710 was a "bracket bill" containing a population classification of "not less than 300,000 nor more than 500,000, according to the last or any subsequent federal census. . . ." It provided for the minimum compensation for all deputy sheriffs in counties to which it was applicable. In its effect this statute applied to Mobile County whose 1970 population was 317,308 — Official 1970 U.S. Census of Population; Jackson Lumber Co. v. Trammell, 199 Ala. 536,74 So. 469 (1917). In pre-Peddycoart cases involving instances in which similar statutes were not advertised in compliance with Section 106 of the Alabama Constitution, *Page 392 
such statutes, though local in effect, could not be upheld unless they could be construed as "general" as defined in Section 110 of the Constitution. Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699 (1950). That process of interpretation is not required here, however, because Amendment No. 389 has supplied the requirement of notice. Thus we have in Act No. 710 a statute applicable to Mobile County which was a local Act properly advertised.[1] Peddycoart, supra.
Act No. 80-797, utilizing the same population brackets, was in fact advertised. Its effect was to apply to Mobile County when it became law, and it complied with the requirements of Section 106. Accordingly, the trial court was correct when it held that Act No. 797 was a local law which amended Act No. 710, a pre-existing local law.
Petitioners also contend that Act No. 80-797 contravenes the provisions of Section 45 of the State Constitution because, it is argued, the title does not fully describe the subject matter of the Act. The Act is also attacked because of the language it contained which retained certain sections of Act No. 710 which it amended. Our examination has disclosed no constitutional infirmity.
The title to Act No. 80-797 announced:
 To amend Section 1 of Act No. 710, H. 1102 (1976 Regular Session) (Acts 1976, p. 990) an act providing for the minimum compensation for all Deputy Sheriffs in counties having a population of not less than 300,000 nor more than 500,000 according to the last or any subsequent federal census in the State of Alabama.
It is argued by petitioners that, while the title refers to compensation for deputy sheriffs, the body of the Act provides also for Deputy Sheriffs II, Sheriff's Sergeants, Lieutenants, Captains and Majors. It also provides for approval of merit increases in grade by the Mobile County Personnel Board procedure.
In the past this Court has given the requirements of Section 45 a liberal interpretation. Knight v. West AlabamaEnvironmental Imp. Auth., 287 Ala. 15, 246 So.2d 903 (1971). InKendrick v. Boyd, 255 Ala. 53, 51 So.2d 694 (1951), this Court stated:
 When there is a fair expression of the general subject of the act in its title, all matters reasonably related to it, including all necessary agencies or instrumentalities which should facilitate the act's execution, are proper to be included as being cognate and germane to the title.
The word-description, Deputy Sheriffs, in the title of Act No. 797 was the use of a generic term which included categories of officers in the sheriff's department. 80 C.J.S. Sheriffs andConstables § 1 at 153 (1953). The other terms, likewise, were reasonably related to the general subject of the Act.
Furthermore, it was not fatal under Section 45 for Act No. 797 to recite: "Sections two, three, four, five and six of Act 710, H. 1102 shall remain unchanged." Section 45 itself contains this language:
 [A]nd no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length. [Emphasis added.]
Section 45 does not necessarily require the re-enactment of an entire legislative Act when only one section is to be amended. An amendatory Act publishing at length the section to be amended is sufficient. Henry v. State ex rel. Welch,200 Ala. 475, 76 So. 417 (1917); Opinion of the Justices, Ala.,357 So.2d 145 (1978). The meaning of the amendatory Act, No. 797, is clear without referring to Act No. 710; consequently the provisions of Section 45 were satisfied. *Page 393 
Finally, we must disagree with the petitioners who contend that Act No. 80-797 repeals the provisions of Act No. 470, 1939 Local Acts, p. 298, which established the Mobile County Civil Service Board. It is true that the terms of Act No. 470 granted authority to the Board to approve both a classification of positions and a pay plan for them. That pay plan, however, in the terms of Act No. 470,
 shall include, for each class of positions, a minimum and a maximum rate not inconsistent with such rate or rates as may otherwise in specific instances be fixed by law. . . .
The provisions of Act No. 797 appear to have accomplished what that proviso contemplated when they fixed the minimums for the deputy sheriff class of positions. Thus Act No. 797 amended Act No. 470 by supplementation without a conflict in its terms.
The order of the trial court upholding the constitutionality of Act No. 797, therefore, must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and ADAMS, JJ., concur.
EMBRY, J., concurs in the result.
[1] Amendment 389 refers to statutes "otherwise valid and constitutional. . . ." No other constitutional impairment pertaining to Act No. 710 is either suggested by the parties or posed by the case.