KRAVITCH, Senior Circuit Judge, specially concurring:

I concur in the majority's resolution of appellants' federal-law claims based on the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 (the "FLSA"), and appellants' state-law claim based on the Mobile County Personnel Board's Rule 3.1(c) ("Rule 3.1(c)"). I also join in the majority's decision to certify to the Alabama Supreme Court the issue of whether Rule 3.1(c) repealed 1969 Ala. Acts 856 ("Act 856"), a general law of local application that, by its terms, guarantees overtime compensation to all policemen employed by cities in Mobile County. Like the majority, I believe that we should turn to the Alabama Supreme Court, the ultimate arbiter of Alabama law, for guidance with regard to two heretofore unresolved questions: (1) whether the Personnel Board has the authority to repeal Act 856; and (2) assuming that the Personnel Board has such authority, whether Rule 3.1(c) implicitly repealed Act 856.

I write separately, however, because I disagree with two aspects of the majority's opinion. First, I do not believe that Freeman v. Purvis, 400 So.2d 389 (Ala. 1981), implies that the Personnel Board has the authority to repeal Act 856. See infra Part I. Second, I do not agree that "a variety of evidence in the record" indicates that the Personnel Board contemporaneously construed Rule 3.1(c) to constitute an implied repeal of Act 856. See infra Part II.

I.

In Freeman v. Purvis, 400 So.2d 389 (Ala. 1981), the Personnel Board challenged two general laws of local application that required deputy sheriffs in Mobile County to be paid at least as much as state

1

troopers of corresponding rank. See id. at 390 (citing 1976 Ala. Acts. 710 and 1980 Ala. Acts 797). The trial court ruled that those state laws are valid and are binding on the Personnel Board. See id. at 390-91. The Alabama Supreme Court affirmed. Analyzing 1939 Ala. Local Acts 470, the law that established the Personnel Board, the Court explained:

> It is true that the terms of Act No. 470 granted authority to the Board to approve both a classification of positions and a pay plan for them. That pay plan, however, in the terms of Act No. 470,
> > shall include for each class of positions, a minimum and a maximum rate not inconsistent with such rate or rates as may otherwise in specific instances be fixed by law. . . .
> The provisions of Act No. 797 appear to have accomplished what that proviso contemplated when they fixed the minimums for the deputy sheriff class of positions. Thus Act No. 797 amended Act No. 470 by supplementation without a conflict in its terms.

See id. at 393 (quoting 1939 Ala. Local Acts 470 § XI) (ellipsis in original). According to the Freeman Court, therefore, any pay plan enacted by the Personnel Board must comply with the minimum and maximum rates established by state law.

Freeman provides no support for the proposition that the Personnel Board has the authority to repeal Act 856. If the Personnel Board's enactment of a rule governing overtime pay effectively constitutes the adoption of a pay plan, then Freeman would indicate that the Personnel Board lacks the authority to repeal Act 856. Just as the Personnel Board, under Freeman, must adhere to the minimum compensation levels established for deputy sheriffs under Alabama law, so here the Personnel Board would be bound to comply with the overtime

2

provisions of Act 856.[1]

Despite my disagreement with the majority's reading of <u>Freeman</u>, I concur in certifying to the Alabama Supreme Court the question of whether the Personnel Board has the authority to repeal Act 856. This important and heretofore unresolved issue is best left to the judgment of the Alabama Supreme Court.[2]

---

[1] Despite the clarity of <u>Freeman</u>'s holding, the majority attempts to graft onto the <u>Freeman</u> opinion certain language from two earlier, inapposite opinions by the Alabama Court of Appeals: <u>Stone v. State ex rel. O'Connor</u>, 30 Ala.App. 500, 8 So.2d 210 (Ala. App. Ct. 1942), and <u>Stone v. State ex rel. Goetz</u>, 30 Ala.App. 489, 8 So.2d 208 (Ala. App. Ct. 1942). In those cases, the court stated that the Personnel Board could enact pay plans at variance with local laws that were enacted in 1932, <u>prior</u> to the passage of Local Act 470. In both cases, the court relied in part on the repeal clause of Local Act 470, which rendered void all inconsistent "laws or parts of laws <u>heretofore</u> enacted." 1939 Ala. Local Acts 470 § XXXVI (emphasis added). <u>See</u> <u>Stone</u>, 30 Ala.App. at 502-03, 8 So.2d at 212; <u>Goetz</u>, 30 Ala.App. at 491, 8 So.2d at 209-210.

By contrast, in both the instant case and <u>Freeman</u>, the question is whether the Personnel Board may enact a pay plan that is inconsistent with a general law of local application enacted <u>after</u> the passage of Local Act 470. The <u>Freeman</u> Court answered this question in the negative, <u>see</u> 400 So.2d at 393 (quoting 1939 Ala. Local Acts 470 § XI), and affirmed the trial court's ruling that the Personnel Board was bound by the state laws governing minimum pay for deputy sheriffs. Indeed, if the Personnel Board were free to disregard those laws, as the majority implies, then the <u>Freeman</u> Court would have dismissed the Personnel Board's suit for lack of controversy. <u>See Ex parte Blue Cross & Blue Shield of Ala.</u>, 582 So.2d 469, 474 (Ala. 1991).

[2] Although no Alabama Supreme Court case directly addresses whether the Personnel Board has the power to repeal Act 856, <u>Freeman</u> and <u>Personnel Bd. of Mobile County v. City of Mobile</u>, 264 Ala. 56, 84 So.2d 365 (1955), arguably suggest that the Personnel Board lacks such power. The Personnel Board's authority to establish a rule regarding overtime pay appears to be based upon either the Personnel Board's specific authority to enact a pay plan, <u>see</u> 1939 Ala. Local Acts 470 § XI, <u>cited in</u> <u>Freeman</u>, 400 So.2d at 393, <u>or</u> the Personnel Board's general authority over the civil service system, <u>see</u> 1939 Local Acts 470 § VII, <u>cited in</u> <u>Personnel Bd.</u>, 264 Ala. at 58, 84 So.2d at 367. <u>Freeman</u> and <u>Personnel Bd.</u>, respectively, imply that an overtime rule enacted under either authority must comply with general laws of local application enacted after the Personnel Board was created. <u>See Freeman</u>, 400 So.2d at 393 (stating that the Personnel Board's pay plan must comply with 1980 Ala. Acts 797); <u>Personnel Bd.</u>, 264 Ala. at 61, 84 So.2d at 369 (rejecting the Personnel Board's challenge to 1953 Ala. Acts 370, which divested the Personnel Board of its power under Local Act 470 to control the employment of police chiefs); <u>see</u> <u>also</u> 1939 Ala. Local Acts 470 § IX(c) (stating that the Personnel Board may enact "any provisions relating to the Classified Service, <u>not</u> <u>inconsistent with the laws of the state</u>, which may be necessary or

II.

Assuming that the Personnel Board has the authority to repeal Act 856, the next question is whether Rule 3.1(c) implicitly repealed Act 856. "Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former." Fletcher v. Tuscaloosa Fed. Sav. and Loan Ass'n, 294 Ala. 173, 177, 314 So.2d 51, 55 (1975) (quoting City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159, 162 (1909)). Thus, "[i]f under a reasonable construction it is possible to reconcile the acts, both will be given effect." Sand Mountain Bank v. Albertville Nat'l Bank, 442 So.2d 13, 19 (Ala. 1983).

Because it is an open question under Alabama law whether Rule 3.1(c) reasonably may be construed to be in harmony with Act 856, I concur in the majority's decision to certify this question to the Alabama Supreme Court.[3] I disagree, however, with the majority's

_____

appropriate to give effect to the provisions and purposes of this Act") (emphasis added).

[3] One interpretation of Rule 3.1(c) that does not conflict with Act 856 is that the Personnel Board enacted Rule 3.1(c) simply to ensure Mobile County agencies' compliance with the FLSA. See City of Birmingham v. Personnel Bd. of Jefferson County, 464 So.2d 100, 103 (Ala. Civ. App. 1984) (stating that a personnel board can institute mandamus proceedings to compel public agencies to comply with its rules). In light of the FLSA's complicated set of exemptions for public employees, see 29 U.S.C. §§ 207(j)-(k),(n), 213(a)(1), (b)(20), the Personnel Board may have believed that centralizing control over agencies' overtime policies would help avoid expensive FLSA litigation, see 29 U.S.C. § 216(b) (stating that a public agency found to have violated FLSA's overtime requirements is liable to its employees "in the amount of . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages," plus attorney's fees and costs). Under this interpretation, Rule 3.1(c) simply ensures that agencies pay overtime to non-exempt employees; it does not prohibit agencies from providing overtime pay to exempt employees if any provision of state law, such as Act 856, so requires.

4

statement that "a variety of evidence in the record" indicates that the Personnel Board contemporaneously construed Rule 3.1(c) to constitute an implied repeal of Act 856. Even if the Personnel Board's contemporaneous construction of Rule 3.1(c) were relevant,[4] I find no record evidence to suggest that the Personnel Board ever prohibited the various agencies within its purview from providing exempt employees with overtime pay where otherwise authorized by state law.[5]

---

This arguable construction of Rule 3.1(c) appears to be consistent with Rule 3.1(c)'s "language" and "relation to other laws." Sand Mountain Bank, 442 So.2d at 18. For example, the fact that the Personnel Board easily could have written Rule 3.1(c) to bar all exempt employees from receiving overtime pay, but chose not to do so, may indicate that it did not intend to repeal Act 856. See Anniston Urologic Assocs., P.C. v. Kline, 689 So.2d 54, 59 (Ala. 1997) ("If [repeal of the prior enactment] had been the intent of the Legislature, it could have made, and now should make, its wishes clearly known."); see also Fletcher, 294 Ala. at 177, 314 So.2d at 55 ("Implied repeal is essentially a question of determining the legislative intent as expressed in the statutes.") (internal quotations omitted). Likewise, the fact that the Personnel Board enacted Rule 3.1(c) on April 15, 1986, the same day that the FLSA's overtime protections became effective as to non-exempt employees of local public agencies, see Fair Labor Standards Amendments of 1985, Pub. L. No. 99-150, § 2(c)(1), 99 Stat. 787, 788-89, may suggest that Rule 3.1(c) was not intended to affect exempt employees' rights to overtime pay under state law.

It is unclear, however, whether this harmonious interpretation of Rule 3.1(c) and Act 856 is "reasonable." Sand Mountain Bank, 442 So.2d at 19. Like the majority, I believe that resolution of this question is best left to the judgment of the Alabama Supreme Court.

[4] The majority has not cited, nor have I found, any Alabama authority indicating that a court's inquiry into implied repeal may involve examining an implementing entity's "contemporaneous construction" of the latter law. Cf. State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404 (1938) (not involving implied repeal), cited in Maj. Op.; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530 (1935) (same), cited in Maj. Op.; Trammel v. Connor, 91 Ala. 398, 8 So. 495 (1890) (same), cited in Maj. Op.

[5] The majority cites a sentence from the affidavit testimony of Bernard Richardson, the Personnel Director in 1986. See Pl. Exh. E, ¶ 26, at 13 (stating that the Personnel Board, in enacting Rule 3.1(c), "confirmed that exempt employees under the Fair Labor Standards Act would not be paid overtime"). This testimony, however, does not bear on the contemporaneous construction of Rule 3.1(c). The Personnel Board, not the Personnel Director, is endowed with the specific authority to enforce Personnel Board rules, see 1939 Ala. Local Acts § VII(b)(4), as amended by 1976 Ala. Acts 684 § 2, and Richardson's testimony does not indicate that the Personnel Board

5

III.

Although I disagree with two elements of the majority opinion, I otherwise fully concur in its reasoning and result.

---

ever sought to prohibit local agencies from complying with Act 856. Likewise, Richardson's testimony does not suggest that the Personnel Board ever intended that Rule 3.1(c) repeal Act 856. Not only is ex post opinion testimony inadmissible to establish the intent of a legislative body, see James v. Todd, 103 So.2d 19, 28-29 (Ala. 1957) (upholding the trial court's decision to exclude testimony by members of the Alabama Legislature concerning the Legislature's intent in enacting 1955 Ala. Acts 570); see also Hamilton v. Autauga County, 289 Ala. 419, 426, 268 So.2d 30, 36 (Ala. 1972), but also Richardson was not even a member of the Personnel Board and thus is in no position to speculate on the Board's intention. Indeed, Richardson's testimony, taken as a whole, indicates that Rule 3.1(c) was intended simply to enforce the FLSA's overtime provisions for non-exempt employees. See Pl. Exh. E, ¶ 25, at 12 ("The sole purpose of amending Rule 3.1(c) was to express, as a policy statement of the Mobile County Personnel Board, that 29 U.S.C. § 207(a)(1) would be implemented.").

The majority also cites affidavit testimony of the current Personnel Director, Shannon Weekley, see R1-38, but her testimony is flawed for the same reasons as Richardson's. Moreover, Weekley, who became Personnel Director in 1993, has no insight into the "contemporaneous construction" of Rule 3.1(c) when it was enacted in 1986.

6