This case is before this Court on two certified questions from the United States Court of Appeals for the Eleventh Circuit. Several dozen police officers sued the City of Mobile (the "City") for overtime compensation they allege the City owes them. SeeFreeman v. City of Mobile, 146 F.3d 1292 (11th Cir. 1998). In order to resolve an apparent conflict between a statute enacted by the Alabama Legislature and a rule enacted by the Mobile County Personnel Board, the federal court has certified the following question to this Court:
 "Does the Mobile County Personnel Board have the power to repeal or otherwise amend or supplant local acts passed by the Alabama Legislature such as 1969 Ala. Local Acts [No.] 856?"
We answer that question in the negative. The court of appeals also presented a second question, but, because of our answer *Page 236 
to the first question we need not answer that second question.[1]
This action was filed in a federal district court in 1993 by several patrol officers, sergeants, and lieutenants of the Mobile Police Department. The officers are subject to the "Rules and Regulations" adopted by the Mobile County Personnel Board, which has authority under Alabama law to establish job-classification and job-compensation plans for the Department. See generally Act No. 470, 1939 Ala. Local Acts 298. The officers are actually employed by the City, and the Personnel Board's Rules permit the City to determine the work period for its employees. In 1974, the Mobile City Commission established a 14-day work period for all members of the Department. During each work period, the City's police officers work 10 shifts of 8 hours each. All of the officers must report for roll call 10 minutes before each 8-hour shift. The City, however, does not pay overtime compensation for time spent on roll call.
The plaintiffs alleged that the City had violated their rights provided under the Fair Labor Standards Act (the "FLSA"),29 U.S.C. § 207(a)(1), and that the City had breached its contractual obligation to pay overtime compensation under Act No. 856, 1969 Ala. Local Acts 1563,[2] and Rule 3.1(c) of the Personnel Board's "Rules and Regulations."[3] The district court entered a summary judgment in favor of the City on both claims. It held that the City was entitled to an exemption under the FLSA, and it also held that the officers' contract claims were meritless because, it concluded, Rule 3.1(c) had incorporated the FLSA's exemptions and had repealed Act 856 by implication. The United States Court of Appeals for the Eleventh Circuit upheld the district court's judgment to the extent it held that the City was entitled to an exemption under the FLSA. The court of appeals also upheld the district court's summary judgment on the officers' Rule 3.1(c) contract claim, holding that because Rule 3.1(c) incorporated the FLSA's exemption, it provided no greater rights than those provided by the FLSA. Because Act 856 did not incorporate the FLSA's exemptions, and because the City argued that Rule 3.1(c) repealed Act 856 by implication, the court of appeals certified the question quoted above.
"It is settled law that the Legislature may not constitutionally delegate its powers, whether the general power to make law or the powers encompassed within that general power. . . ."Folsom v. Wynn, 631 So.2d 890, 894 (Ala. 1993). Included within the Legislature's general power is "`the power to make, alter, amend and repeal laws.'" Point Properties, Inc. v. Anderson,584 So.2d 1332, 1337 (Ala. 1991) (quoting Black's Law Dictionary (6th ed. 1990)). Thus, although the Legislature can delegate the power to make rules and regulations for the "purpose of carrying [the law] into practical effect and operation . . . and to secure an effective execution of the same," Heck v Hall, 238 Ala. 274, 282,190 So.2d 280, 287 (1939), it cannot delegate the power to *Page 237 
repeal, amend, or otherwise supplant an act of the Legislature. See, e.g., Ex parte State Dep't of Human Resources, 548 So.2d 176,178 (Ala. 1988) ("The provisions of the statute will prevail in any case of conflict between a statute and an agency regulation."); Personnel Board of Mobile County v. City of Mobile,264 Ala. 56, 61, 84 So.2d 365, 369 (1955) ("[A] city or town cannot validly enact a State law, amend or repeal it."). While the Legislature can certainly establish standards and authorize the Personnel Board to adopt rules within those standards, "[i]t is an entirely different thing for the Legislature to . . . authorize the creature to supersede the enactments of the creator." Daniel v. Florida State Turnpike Auth., 213 So.2d 585,587 (Fla. 1968) (Thornal, J., concurring). Moreover, even if the Legislature could validly delegate the power to repeal, amend, or otherwise supplant an act of the Legislature, the Legislature has not attempted to do so in this case. Section IX(c) of Act 470 specifically provides that the rules adopted by the Personnel Board "may include any provisions relating to the Classified Service, not inconsistent with the laws of the state, which may be necessary or appropriate to give effect to the provisions and purposes of this Act." (Emphasis added.) The Personnel Board cannot adopt any rule contrary to Act 470 because Act 470 is the act from which the Personnel Board derives its authority. SeeJordan v. City of Mobile, 260 Ala. 393, 399, 71 So.2d 513,517-18 (1954) ("[T]he delegation of power to make rules and regulations cannot extend to the making of rules which subvert the statute giving such power or which repeal or abrogate the statute."); Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 222,122 So.2d 757, 760 (1960) ("It is well settled that the power of the legislature, except as restrained by the Constitution, is supreme in the enactment of statutory law, in the creation of subordinate governmental agencies [and] in prescribing their powers and duties, and it has plenary power to deal with such subordinate agencies of the state as counties and municipal corporations."); Jefferson County v. Johnson, 333 So.2d 143, 145
(Ala. 1976) ("It is a well established proposition of law that, as a political subdivision of the state, a county can exercise only that authority conferred on it by law."). Thus, the Legislature could not — and it has not attempted to — authorize the Personnel Board to repeal, amend, or otherwise supplant an act of the Alabama Legislature.
 QUESTION ANSWERED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, and Brown, JJ., concur.
[1] That second question was:
 "If the Mobile County Personnel Board has the power to repeal Act 856, did the Board in fact repeal Act 856 by implication when it enacted Rule 3.1(c)?"
[2] Act 856 provides in pertinent part:
 "In all counties coming within the purview of this Act, all policemen employed by any city in the county and all deputy sheriffs in such counties shall be entitled to one and one-half (1 1/2) times their hourly wage for each hour worked in excess of forty (40) hours a week in any one week."
[3] Rule 3.1(c) provides in pertinent part:
 "All employees non-exempt from the provisions of the Fair Labor Standards Act shall be compensated for overtime for all hours paid in excess of forty (40) hours per week at one and one half (1 1/2) times the employees' hourly rate of pay, or in the alternative, shall be awarded compensatory time in accordance with the provisions of said Act."